John E. SOLENBERG, Appellant,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 82105.

Court of Appeals of Oklahoma, Division No. 4.

Dec. 7, 1993.

Rehearing Denied Jan. 24, 1994.

Certiorari Denied March 16, 1994.

Stephen G. Fabian, Jr., Fabian & Associates, Edmond, for appellant.

Michael O'Brien, Oklahoma City, for appellee.

BRIGHTMIRE, Judge.

■ The ultimate issue in this case is whether or not the trial court erred in sustaining the revocation of the plaintiff's driver's license for violation of Oklahoma's implied consent laws.

We hold it did not and affirm the judgment.

## I

On January 22, 1992, Stillwater, Oklahoma, police officer Lloyd Douglas Nichols was dispatched to investigate a reported accident in a fraternity house parking lot. When he arrived, the officer saw plaintiff John E. Solenberg standing next to an automobile which was boxed in by other vehicles.

The officer said Solenberg told him he "had been on Washington Street at some of the bars, having fun" and "he had been contacted by some of the members of the Sigma Nu Fraternity because they did not like his vehicle parked in their parking lot, and they wanted him to move it." When Solenberg attempted to move his car, he "backed out of the parking spot, hit a pickup which was parked behind him, pulled back in, struck a vehicle that was parked directly in front of him, and then attempted to back out again and struck the vehicle to the right side of his vehicle."

The officer "noticed Mr. Solenberg had slurred speech, a weaving stance, and a strong odor associated with alcoholic beverage on his breath and person." As a result,

the officer placed Solenberg under arrest and took him to the police station.

At the station, Officer Nichols read Solenberg the "implied consent test request" and requested that he take a breath test. Solenberg agreed. A second officer administered the test, which showed Solenberg to have a .14 blood alcohol content. His driver's license was confiscated and he was given a duly executed copy of the arresting officer's affidavit and notice of revocation.

The Department of Public Safety took action to revoke Solenberg's driver's license for the mandatory ninety-day period. The revocation was sustained at an administrative hearing requested by Solenberg and he sought a district court review.

After a hearing on July 13, 1993, the trial court sustained the revocation and modified it to allow Solenberg to drive as needed in the course of his employment. Solenberg appeals.

## II

Solenberg first contends that his warrantless arrest was "unlawful" and therefore the revocation based on the arrest must be vacated. For support he relies on 22 O.S.1991 § 196, which provides in relevant part:

"A peace officer may, without a warrant, arrest a person:

1. For a *public offense, committed or attempted in his presence;*

. . . .

5. When he has probable cause to believe that the party was driving or in actual physical control of a motor vehicle involved in an accident upon the *public highways, streets or turnpikes* and was under the influence of alcohol or intoxicating liquor. . . ." [1]

The argument is that "the officer did not observe a misdemeanor committed or attempted in his presence, and since the accident did not occur on [one of the state's] 'highways, streets, or turnpikes', the officer did not have authority to arrest the Appellant upon probable cause." As a result, says

1. Emphasis added.

Solenberg, "the arrest was unlawful and the revocation based upon Oklahoma Implied consent law must fail."

We disagree. The statutory prohibition against drunken driving in this state applies to the "highways, turnpikes, and public parking lots throughout this state." 47 O.S.1991 § 11–101. A "public parking lot is any parking lot *on right-of-way dedicated to public use* or owned by the state or a political subdivision." 47 O.S.1991 § 1–142(b) (emphasis added). But, a privately owned parking lot, "which is adjacent to a right-of-way, or which the general public has access to, is a public parking lot." *Houston v. State,* 615 P.2d 305 (Okl.Crim.App.1980).

It is undisputed that subject parking lot abutted and opened onto Washington Street, a busy public thoroughfare. In fact, the arresting officer said the lot has "direct access from Washington" and "is just a sidewalk and a small portion of grass width from Washington Street. Just a few feet." It is likewise undisputed that the officer had more than "probable cause to believe" that Solenberg had been in control of the vehicle when the accident(s) occurred—he had Solenberg's admission of that fact.

In our opinion, the fact that the warrantless-arrest statute, 22 O.S.1991 § 196, does not specifically *include* "private parking lots" does not manifest a legislative intent to *exclude* such property from Title 47's prohibition of drunken driving in this state. Under such circumstances, we hold that the challenged warrantless arrest occurred on a "public" parking lot and is therefore lawful.

The first proposition of error is without merit.

### III

■ Solenberg's four remaining propositions of error may be summarized as follows: The trial court erred in "admitting the breathlyzer· [*sic* ] test result into evidence" because the State failed to prove that the test was administered "in accordance with the rules and regulations of the Board of Tests for Alcohol and Drug Influence."

For general support, Solenberg contends this court's holding in *Browning v. State,* 812 P.2d 1372 (Okl.App.1991), is indistinguishable. We disagree.

In *Browning* the driver's demurrer put in issue the "very existence" of the rules and regulations promulgated by the Board of Tests for Alcohol and Drug Influence for administration of breath-alcohol tests. The trial court purported to take judicial notice of the rules and sustained the revocation. We reversed and held that "where a party seeking to have a fact judicially noticed meets a challenge by the opposing party, the trial court must conduct a hearing on 'the propriety of taking judicial notice and the scope of the matter noticed.'" Under such circumstances:

> "[I]t became necessary for the trial court to (1) determine what the relevant rules and regulations were, (2) determine if the procedure followed by the officer in testing the petitioner was one prescribed by a Board rule, and (3) determine whether the evidence adduced by DPS proved compliance with Board rules."

The court below, unlike the court in *Browning,* did just that. In addition to the testimony of the arresting officer and the testing officer, DPS offered into evidence the maintenance log kept on the testing device, the step-by-step procedure followed by the testing officer, regulatory Action Nos. 83–7 and 88–4 from the state director of tests setting out the operating procedures to be followed by breath-alcohol analysts and, most importantly, a copy of the "Board Rules & Regulations."

### IV

We hold, therefore, that DPS sustained its burden of proving compliance with the applicable Board rules and regulations, and that the trial court did not abuse its discretion is sustaining the revocation.

AFFIRMED.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.