Phillip H.L. POST, Appellant,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 84500.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 10, 1995.

As Corrected Jan. 11, 1995.

Charles L. Sifers, Oklahoma City, for appellant.

Blair Easley, Dept. of Public Safety, Oklahoma City, for appellee.

## OPINION

GARRETT, Chief Judge:

On March 6, 1994,[1] an Oklahoma Highway Patrol Trooper saw a car parked in a wheat field adjacent to a state highway. He approached the car and saw Phillip H.L. Post (Post) asleep in the front seat behind the steering wheel. The Trooper entered the car through an unlocked door on the passenger side and awoke him. According to the Trooper, Post was drunk and there was a strong odor of alcohol in the car. Post was arrested[2] at that time, and later he was charged with being in actual physical control of a motor vehicle while intoxicated (APC).[3]

The Trooper determined the car was operable; and, it appeared to him that it had been driven off the state highway and into the adjacent wheat field. After Post was arrested for APC, the Trooper secured his consent to a breathalizer test. It showed a blood alcohol content of .20 percent.

The Trooper took Post's driver's license and reported, in the usual form, to the De-partment of Public Safety (DPS). Post was given notice of revocation of his driver's license, and he requested a hearing. After the hearing DPS sustained the order revoking his driver's license. He appealed to the district court.

At the trial, the parties stipulated to the facts. The issue is the validity of the Trooper's arrest of Post. Post, in effect, contended below, as he does on appeal, the warrantless arrest was invalid and illegal because he did not commit or attempt to commit a public offense in the Trooper's presence; and, he was not in a public place when arrested, but was in a private wheat field. The district court upheld the arrest and sustained the revocation of Post's drivers license by DPS.

■ 22 O.S.1991 § 196 provided:

A peace officer may, without a warrant, arrest a person:

1. For a public offense, committed or attempted in his presence;

\*      \*      \*      \*      \*      \*

5. When he has probable cause to believe that the party was driving or in actual physical control of a motor vehicle involved in an accident upon the public highways, streets or turnpikes and was under the influence of alcohol or intoxicating liquor or who was under the influence of any substance included in the Uniform Controlled Dangerous Substances Act, Sections 2–101 et seq. of Title 63 of the Oklahoma Statutes; or

\*      \*      \*      \*      \*      \*

There was no accident. Therefore, subsection 5 of § 196 does not apply. Under the facts of this case, the so-called "fellow officer rule" in 47 O.S.1991 § 16–114 does not apply.

■ Oklahoma law requires, and appellate decisions of this state have consistently held,

---

1. Several of the statutes involved in this case have been amended since March 6, 1994, but the amendments do not apply.

2. Without a warrant

3. The driver's license revocation in this case was based on 47 O.S.1991 § 751 et seq., and not upon a conviction of any kind. Therefore, the disposition of the APC charge is not material to this decision.

a valid arrest is necessary to authorize a police officer to request submission to chemical tests for blood alcohol. 47 O.S. 1991 Supp. § 751 et seq.; *Appeal of Dungan*, 681 P.2d 750 (Okl.1984).

■ 47 O.S. Supp.1992 § 11–902 in pertinent part provided:

It is unlawful and punishable as provided in this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this state who:

1. Has a blood or breath alcohol concentration, as defined in Section 756 of this title, of ten-hundredths (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person;

2. Is under the influence of alcohol;

\*     \*     \*     \*     \*     \*

Post contends 47 O.S. Supp.1992 § 11–902(A) must be reconciled with 47 O.S. 11–101(2). We agree. Section 11–101(2) provides:

The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon the highways except:

1. Where a different place is specifically referred to in a given section.

2. The provisions of chapter 10 and article IX of this chapter shall apply upon highways, turnpikes and public parking lots throughout the state.

47 O.S. Supp.1992 § 11–902 is found in Article IX.

■ In the case of *State v. Haws*, 869 P.2d 849 (Okl.Cr.1994), the Oklahoma Court of Criminal Appeals decided a residential driveway is private property, and is not a street, highway, turnpike, or public parking lot as required by §. 11–101(2). In *Haws*, a police officer discovered a driver asleep in his car. The car was parked in the private driveway at the home of a long time acquaintance of the driver. The police officer smelled alcohol on the driver, and arrested him without a warrant for APC. The Court said a private driveway was different from a public parking lot, and a person found behind a wheel of a car parked on such a driveway would not be subject to the provisions of § 11–902.

The facts in *Haws* are similar to those before this Court, except Post was found in a wheat field. We cannot extend the provisions of § 11–101(2) or § 11–902. A wheat field is not a street, highway, turnpike, public parking lot, and is not a public place.

47 O.S.1991 § 751(A) provides, in pertinent part:

Any person who operates a motor vehicle upon the public roads, highways, streets, turnpikes or other public place within this state shall be deemed to have given consent to a test or tests of such person's blood or breath, for the purpose of determining the alcohol concentration....

DPS contends the wheat field is a public place and therefore § 751(A) is applicable. Most of the cases cited by DPS are distinguishable. *Mayes v. State*, 80 Okla.Crim. 52, 156 P.2d 822 (1945) was decided under 37 O.S.1941 § 8, and involved a conviction for being drunk in a public place. The *Mayes* Court held that a person found intoxicated in a hayfield was not guilty of being drunk in a public place because a hayfield is not a public place.

DPS cites *Solenberg v. State ex rel Department of Public Safety*, 871 P.2d 440 (Okl. App.1993), and *Houston v. State*, 615 P.2d 305 (Okl.Cr.1980). These cases are distinguishable from the one being considered. *Solenberg* involved a parking lot at a fraternity house, and, there was an accident. The fraternity parking lot was adjacent to and easily accessible from the public street. The court held the parking lot was a public place. *Houston* involved a public parking lot of a tavern which obviously was a public place.

DPS points out that Post had not been arrested or prosecuted for DUI and, in effect, concedes that laws involving DUI are

not involved. There was no direct evidence Post had been driving on a highway. The arguments relating to the possibility Post had been driving on a highway while intoxicated are speculative and will not be considered.

The warrantless arrest was not authorized by § 196, supra. It follows that the subsequent proceedings under §§ 751, et seq., supra, were invalid; and, the order revoking Post's driver's license was not authorized.

The DPS order revoking Post's driver's license is vacated. This case is reversed and remanded with directions to reinstate Post's driving privilege.

REVERSED AND REMANDED WITH DIRECTIONS.

HUNTER and ADAMS, JJ., concur.