Dear Representative Paulk,
¶ 0 This office has received your request for an Attorney General Opinion in which you have asked, in effect, the following questions:
1. Is a motor vehicle situated on private property deemed to bea derelict or abandoned vehicle (a) if there is no safetyinspection sticker or an expired safety inspection sticker on it;(b) if there is no license tag, or an expired license tag on it;(c) if it has a black non-use sticker?
2. Can such a vehicle legally be operated on public streets andhighways under any of the above circumstances?
3. Does the existence of one of the above circumstances mean thevehicle in question is derelict or abandoned if portions of thevehicle which are necessary for its operation and control on thestreets and highway are missing?
4. Does the existence of one of the above circumstances mean thevehicle is a nuisance per se?
5. What would constitute a public nuisance under the attachedordinance, and what would be the elements of proof required?
¶ 1 Accompanying your request is a one-page list of what appear to be municipal ordinances to be used in answering your last two questions. Those will be discussed in more detail below. The answers to all of your questions operate under the premise that the vehicle is on private property. Also, as municipal ordinances are involved, all answers operate under the premise that the vehicles in question are located within the city limits of the municipality. Unless specified otherwise, words are used in their common parlance; and except for the last two questions, answers provided are not based on any specific statute or ordinance. In the last two questions, answers are strictly limited to the ordinances you have provided; the answers may very well be different under other ordinances or circumstances.
 I. DERELICT/ABANDONED[1]
¶ 2 What constitutes "abandonment," as it relates to property, has been expressed by the Oklahoma Supreme Court:
 To constitute abandonment in respect of property, there must be a concurrence of the intention to abandon and an actual relinquishment of the property so that it may be appropriated by the next comer. In determining whether one has abandoned his property or rights, the intention is the first and paramount object of inquiry; for there can be no abandonment without the intention to abandon.
Dow v. Worley, 256 P. 56, 60 (Okla. 1926) (citations omitted).
¶ 3 Whether property has been abandoned is a question of fact.Id. Questions of fact cannot be answered in an Attorney General Opinion. 74 O.S. Supp. 1998, § 18b[74-18b](A)(5). However, the fact a vehicle is not properly inspected and registered might be used as evidence to determine whether an owner has evidenced an intent to abandon the vehicle. The presence of a black non-use sticker[2] could actually be evidence of a lack of intention to abandon; presence of such a sticker indicates the owner wanted to maintain registration of the vehicle, even though it would not be driven on public streets or highways. OAC710:60-3-17(c).
 II. INOPERABLE
¶ 4 You also wish to know whether a vehicle legally can be operated on public streets or highways if it has no valid safety inspection sticker, license tag or displays a black non-use sticker. A vehicle which has no valid "official inspection sticker" cannot be operated legally on public streets or highways. 47 O.S. Supp. 1998, § 851[47-851]. Likewise, a vehicle which is not properly registered cannot operate legally on public streets or highways. 47 O.S. Supp. 1998, § 1115.1[47-1115.1]. A vehicle which has a black non-use sticker cannot legally operate on the public streets or highways unless liability insurance has been obtained. OAC 710:60-3-17(c).
¶ 5 By a plain reading of the statutes and Oklahoma Tax Commission Rules, a vehicle which does not bear a valid safety inspection sticker or on which the registration is not current is not legally "operable" on public streets or highways. Any vehicle which is being operated on a public street or highway without being registered is subject to seizure and sale. 47 O.S. Supp.1998, § 1115.1[47-1115.1]. Whether a vehicle with a black non-use sticker can be operated legally on public streets or highways depends on whether the owner has obtained liability insurance, which is a question of fact beyond the scope of this opinion.
¶ 6 Please note that these answers are valid only as they relate to operation of vehicles on public streets or highways. If the vehicle is to be operated on private property, the answers to your question may be different. Cf. 47 O.S. 1991, § 11-101[47-11-101]
(declaring that the chapter dealing with Rules of the Road "relating to the operation of vehicles refer exclusively to the operation of vehicles upon the highways"); Post v. State ex rel.Department of Public Safety, 889 P.2d 1290 (Okla.Ct.App. 1995) (driver of vehicle had pulled vehicle onto private property, was later arrested on that private property for actual physical control of a motor vehicle; Court held revocation of driver's license invalid, because offense did not occur on public road).
 III. VEHICLE IN STATE OF DISREPAIR
¶ 7 You next ask whether a vehicle with an expired tag, expired safety inspection sticker, or displaying a black non-use sticker is abandoned or derelict when portions of the vehicle which are needed for its operation and control on public streets and highways are missing.
¶ 8 The answer to this question is the same as it was in Section I, above. Whether a vehicle is deemed "abandoned" is heavily fact-dependent, and cannot be answered in an Attorney General Opinion. As above, evidence that essential parts of the vehicle are missing could be evidence of intent to abandon.
 IV. NUISANCE
¶ 9 You next ask whether the absence of a current tag or inspection sticker or the presence of a black non-use sticker means that such a vehicle per se is deemed a nuisance. Along with this question, you have submitted a page of what appear to be city ordinances. You have informed this office that no other law is necessary to answer the question.
¶ 10 The ordinance labeled "Sec. 18-85. Public nuisancesgenerally" reads as follows:
 (a) The following things, acts, occupations or uses of property are hereby declared to be public nuisances:
 (1) Those which annoy, injure or endanger the safety, health, comfort or repose of any considerable number of persons;
(2) Those which offend the public decency;
 (3) Those which unlawfully interfere with, obstruct or tend to obstruct or render dangerous for passage any lake, basin, public parks, square, street, alley or highway;
 (4) Those which shall in any way render any considerable number of persons insecure in life or in the use of property.
 (b) The fact that certain acts, conditions or other things are declared in this article to be nuisances shall not be construed to deny that any other act, fact, condition or thing shall not be a nuisance if such other act, fact, condition or thing would have been a nuisance under this Code or any other ordinances of the city in the absence of the provisions of this article.
¶ 11 Also attached was "Sec. 18-86. Public peace and safety" which reads:
 The following are hereby declared to be public nuisances affecting public peace and safety:
 (1) All trees, hedges, billboards or other obstructions which prevent persons driving vehicles approaching an intersection of public highways having a clear view of traffic approaching such intersection from cross streets, for thirty (30) feet along such cross streets measured from the property line.
 (2) All wires over streets, alleys or public grounds which are strung less than fifteen (15) feet above the surface of the ground and all wires not licensed by the city.
 (3) All use or display of fireworks when the same is prohibited by law.
¶ 12 Any owner or occupant of "any premises situated in the city, or any other person," shall not allow such a nuisance to exist, according to an ordinance labeled "Sec. 18-84." This same section provides for punishment.
¶ 13 Whether the vehicles in question here obstruct vision at a traffic intersection, annoy or threaten others, offend public decency, obstruct or render dangerous any passageway, or render anyone insecure in the use of that person's property must all be decided by the facts and circumstances present in each situation.See Finkelstein v. City of Sapulpa, 234 P. 187, 188 (Okla. 1925) (whether junk business is a nuisance depends on its location or use or local condition or surroundings, although municipality has authority to declare it a nuisance per se);see also Wood v. City of Chickasha, 257 P. 286 (Okla. 1927) (poultry and hide business, with its accompanying odor and stench, was not nuisance per se).
¶ 14 A vehicle situated on private property is not a nuisance as a matter of law, and the presence or absence of a valid license tag decal, a valid safety inspection sticker or the presence of a black non-use sticker does not render it a nuisance as a matter of law under the statutes presented here.
 V. FACTS NECESSARY FOR PUBLIC NUISANCE
¶ 15 In your last question, you ask what would constitute a public nuisance under the ordinances you attached, and what would be the elements of proof required.
¶ 16 To define the elements of proof is to answer the first portion of your question, i.e., what constitutes a public nuisance. Under "Sec. 18-86" provided, an automobile on private property could be deemed a public nuisance if the vehicle
(1) is an obstruction
 (2) which prevents drivers of other vehicles on public roads or highways from having a clear view of approaching traffic
 (3) for a distance of thirty (30) feet from the intersection, as measured from the property line.
¶ 17 Under "Sec. 18-85," the following could be deemed to be a public nuisance when:
 The [vehicle] [thing] [property upon which the vehicle or thing sits]:
A. (1) annoys, injures, or endangers
 (2) the safety, health, comfort or repose (repose would be defined)
 (3) of any considerable number of persons (whether the number is "considerable" could be a determination for the factfinder to make).
B. (1) offends
(2) public decency (to be defined).
C. (1) (a) unlawfully interferes with,
(b) obstructs or tends to obstruct, or
(c) renders dangerous
(2) for passage
 (3) any lake, basin, public park, public square, public street, public alley or public highway.
and/or
D. (1) renders insecure
(2) a considerable number of persons
(3) in (a) their lives, or
(b) the use of their property.
¶ 18 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Whether a vehicle without a valid safety inspection sticker,without current registration or with a black non-use sticker isderelict or abandoned is a question of fact outside the scope ofan Attorney General Opinion. 74 O.S. Supp. 1998, §18b(A)(5).
2. A vehicle without a valid safety inspection sticker or whichis not currently registered cannot be legally operated on publicstreets or highways. 47 O.S. Supp. 1998, § 851[47-851]; 47 O.S. Supp.1993, § 1115.1[47-1115.1]. A vehicle displaying a black non-use stickercannot be legally operated on public streets or highways, unlessthe owner first obtains liability insurance. OAC:710-60-3-17(c).
3. Whether a vehicle missing parts necessary for its operationand control on public streets and highways can be deemed derelictor abandoned if it does not display a valid safety inspectionsticker, or if it is not currently registered, or if it displaysa black non-use sticker, is a question of fact which is outsidethe scope of an Attorney General Opinion. 74 O.S. Supp. 1998, §18b(A)(5).
4. Under the ordinances which accompanied your opinion request,the lack of a valid safety inspection sticker, lack of currentregistration or the presence of a black non-use sticker does notrender the vehicle a nuisance per se. Rather, whether thevehicle is a nuisance is a question of fact which depends on thefacts and circumstances of each case, and is outside the scope ofan Attorney General Opinion. 74 O.S. Supp. 1998, §18b(A)(5).
5. The wording of the ordinances you provided determines theelements of what constitutes a public nuisance.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] "derelict" is defined as "a thing voluntarily abandoned or willfully cast away by its owner with the intention of not retaking it and rightly claimed by the first person who takes possession of it," Webster's Third New International Dictionary 607 (1993), the terms will be treated as one.
[2] "black non-use sticker" is reserved for vehicles which are not in use. Under Oklahoma law, "no motor vehicle shall be operated in this state unless there is in effect with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle." 47 O.S. Supp.1998, § 7-601[47-7-601](C)(1). Proof of this liability insurance must be surrendered to the motor license agent at the time the vehicle is registered if the vehicle owner wishes to use the vehicle on public streets or highways. 47 O.S. 1991, § 7-602[47-7-602](B)(2). Vehicle owners who wish to keep their vehicle registration current but do not plan to use the vehicle on public streets or highways can register the vehicle by signing a non-use affidavit. At that time the owner will receive a "decal of a separate and distinct color from all other yearly decals," OAC710:60-3-17(c)(1), commonly known as a "black non-use sticker." If the owner during that registration year wishes to operate the vehicle on public streets or highways and obtains the required liability insurance, he can so operate the vehicle without obtaining another decal, and is not required to obtain another decal. OAC 710:60-3-17(c)(2).