**Vernon Lee HOUSTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–404.**

Court of Criminal Appeals of Oklahoma.

Aug. 14, 1980.

Robert A. Ravitz, Asst. Public Defender, Sylvia O'Dell, Legal Intern, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The sole issue we are asked to resolve is: Does the drunk driving statute have application for acts occurring on private property?

The appellant was convicted of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor in a parking lot adjacent to a tavern in Oklahoma City and was sentenced to one (1) year in the county jail, suspended. Title 47 O.S.Supp.1979, § 11–902,[1] prohibits the operation of a motor vehicle "within this state" while under the influence of intoxicating liquor. This Court stated in *Laughlin v. City of Tulsa*, Okl.Cr., 492 P.2d 1131, 1132 (1972):

". . . Generally, where the language of a motor vehicle statute does not restrict its application to public streets, the statute applies throughout the jurisdiction and extends to both public and private property. . . ." (Citations omitted)

Section 11–902 is not restricted standing alone. Section 11–902, however, must be read in conjunction with 47 O.S.1971, § 11–101. Section 11–101 states:

"The provisions of this chapter [11] relating to the *operation* of vehicles refer *exclusively* to the operation of vehicles upon the *highways* except:

"1. Where a different place is *specifically* referred to in a given section.

"2. The provisions of . . . article IX of this chapter shall apply upon highways, turnpikes and public parking lots throughout the state." (Emphasis added)

The "within this state" language of Section 11–902 is not a "different place . . . specifically referred to" so as to make paragraph one of the above quoted section applicable. Paragraph two, however, is applicable. Driving under the influence of alcohol is prohibited on highways, turnpikes and public parking lots.[2]

■ The appellant contends that the parking lot in which he was driving was not a public parking lot. We cannot agree. A public parking lot is defined as, "any parking lot on right-of-way dedicated to public use or owned by the State or a political subdivision thereof." Title 47 O.S.1971, § 1–142(b). We interpret the definition to mean that any parking lot which is adjacent to a right-of-way, or which the general public has access to, is a public parking lot.

■ The legislative purpose in making driving under the influence of alcohol a crime is to protect the citizens from the menacing acts of the intoxicated driver. *Luellen v. State*, 64 Okl.Cr. 382, 81 P.2d 323 (1938). An intoxicated person driving a car in a parking lot to which the general public has access creates an inherent danger to both persons and property. It would be absurd and against legislative intent to argue otherwise. Law enforcement officers should be authorized to arrest the intoxicated driver before he injures or destroys persons and property. *Hughes v. State*, Okl. Cr., 535 P.2d 1023 (1975).

1. Title 47 O.S.1971, § 11–902, states:

"(a) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within this state.

(b) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is an habitual user of or under the influence of any narcotic drug, barbiturate, amphetamine, marihuana, or who is under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle to drive a motor vehicle within this state. The fact that any person charged with a violation of this paragraph is or has been lawfully entitled to use such narcotic drug, barbiturate, amphetamine, marihuana, or other drug shall not constitute a defense against any charge of violating this paragraph.

"(c) Every person who is convicted of a violation of this section shall be deemed guilty of a misdemeanor for the first offense and upon conviction thereof shall be punished by imprisonment in the county jail for a period of time not less than ten days nor more than one year, and a fine of not more than Five Hundred Dollars ($500.00). Any person found guilty of a second or subsequent offense under the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of time not less than one year and not to exceed five years, and a fine of not more than One Thousand Dollars ($1,000.00).

2. See Annot. 29 A.L.R.3d 938 (1970), for a thorough review of the case law of other jurisdictions concerning the application of driving under the influence statutes to acts occurring on private property.

We hold today that the appellant was within the purview of Section 11–902 at the time of his arrest and that his conviction must stand.

The judgment and sentence is *AFFIRMED*.

BRETT, J., specially concurs.

BUSSEY, J., concurs in results.

BRETT, Judge, specially concurring:

I concur that this conviction should be affirmed, and I wish to emphasize the importance of the location of the parking lot. The applicability of the statute rests upon the fact that the parking lot was adjacent to a public thoroughfare. This should be interpreted to mean that its public nature is derived from the accessibility of the lot to other public roads.