The STATE of Oklahoma, Appellant,

v.

Wayne L. HAWS, Appellee.

No. S–92–628.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 1994.

J. Hugh Herndon (at trial and on appeal) Midwest City, for appellee.

Kenny Linn, Asst. Dist. Atty. (at trial), Oklahoma City, for State.

Robert H. Macy, Dist. Atty., Kenneth T. Linn, Asst. Dist. Atty. (on appeal), Oklahoma City, for appellant.

## SUMMARY OPINION

JOHNSON, Vice Presiding Judge:

The State of Oklahoma has appealed the decision of the Oklahoma County District Court, which dismissed Case No. CM–92–0848, holding that, because it was reluctant to be put in the position of sitting in appellate review of a fellow judge's order, it was sustaining Judge Sidney Gorelick's order of April 13, 1992, dismissing Case No. CM–91–2714 (refiled as CM–92–0848). Judge Gorelick's order held:

"1. A private citizen's driveway is private property and does not constitute a parking lot as prescribed by 47 O.S.11–101 (2) and that the offense of Being in Actual Physical Control of a Motor Vehicle, While Under the Influence of Intoxicating Liquor, 47 O.S.11–902 A(2), requires a defendant to have been on the streets, highways, turnpikes or public parking lots that have been dedicated to the public.

2. Appellee in this case was denied a blood test in this matter when the vial containing his test was broken in transit by being sent in a plain brown envelope without

packing. As a result, evidence of his breath-alyzer test would be suppressed."

On July 20, 1991, Officers Brent Shetley and Rod Strecker were dispatched to a residence in Del City to check out the welfare of a man passed out in a pick-up truck, parked in the driveway. Upon their arrival, they observed Wayne L. Haws, Appellee, asleep in his automobile with the doors opened. Officer Shetley inquired of the owner of the residence (who later turned out to be a long time friend of Appellee) whether she or her son, who called the police, recognized the truck. Both indicated they did not. Both officers approached the vehicle and awakened Appellee. They immediately noticed a strong odor of alcoholic beverage on his breath and person, and further observed that Appellee was unable to remain on his feet without assistance. Appellee was placed under arrest for being in Actual Physical Control of a Motor Vehicle While Under the Influence of Alcohol. After being advised of the implied consent warning, Appellee agreed to take the test. Observing the 15-minute deprivation period, the officers performed the test which resulted in a 0.11 breath alcohol content.

The Information was filed in the Municipal Court of the City of Del City under Case No. 024543 and came on for initial hearing on July 29, 1991, when it was set on the Disposition Docket of October 7, 1991. On November 19, 1991, the matter came on for trial, when Appellee's Motion to Dismiss and Motion To Quash were argued. The attorney representing Del City conceded to Appellee's facts and law. Municipal Judge George Suttle sustained the motions and dismissed the case.

Thereafter, the arresting officer complained to the Oklahoma County District Attorney. On November 27, 1991, an Information was filed in the District Court of Oklahoma County, Case No. CM–91–2714, alleging the same crime. On April 1, 1992, pursuant to Appellee's Motion To Dismiss and Motion To Quash, the Information was amended to correct an error. On April 13, 1992, the matter came on for hearing before Special Judge Sidney Gorelick, who made the rulings as set out above. The case was dismissed and Appellee's bond was exonerated at the cost of the State.

On April 14, 1992, the State filed a Motion to Dismiss and To Recall Warrant, pursuant to 22 O.S.1991, § 815, to be refiled according to *State v. Robinson,* 544 P.2d 545 (Okl.Cr. 1975). An order dismissing the case and recalling the warrant was issued by Special Judge Susan Bragg. On April 16, 1992, the State refiled the case under Case No. CM–92–0848. On June 3, 1992, Appellee filed his Motion To Dismiss and trial was set for June 15, 1992, before Special Judge Karl Gray. Prior to the seating of the jury, argument was had on Appellee's Motions, which were sustained. However, Judge Gray exonerated and discharged the sureties on Appellee's bond but did not discharge Appellee, pending appeal. Appellee was released on his own recognizance. Judge Gray issued an Order certifying the reserved question of law, though not specifying which issue.

In its first assignment of error, the State complains that the trial court erred in holding that the facts stated in the Information do not constitute a public offense. The trial court held that a residential driveway does not constitute a parking lot as prescribed by 47 O.S.11–101 (2). The trial court further held that the offense of Being In Actual Control of a Motor Vehicle, While Under the Influence of Intoxicating Liquor, 47 O.S.11–902 A(2), requires a defendant to have been on the streets, highways, turnpikes or public parking lots that have been dedicated to the public.

The State argues that a person found behind a wheel of a car parked on a driveway should be subjected to the provisions of § 11–902 A(2). The State cites *Houston v. State,* 615 P.2d 305 (Okl.Cr.1980), which affirmed a DWI conviction even though the operator of the motor vehicle was in a parking lot adjacent to a tavern. The defendant in that case argued that the parking lot was not a public parking lot. This Court held that any parking lot which is adjacent to a right-of-way, or which the general public has access to, is a "public parking lot" within the purview of 47 O.S.1991, § 1–142(b), which defines a parking lot as follows:

"... any parking lot on right-of-way dedicated to public use or owned by the State or a political subdivision thereof."

The distinguishing fact here is that we are dealing with a private driveway, the definition of which is defined by 47 O.S. § 1–148, as follows:

"Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons."

In conclusion, the legislature has provided the above definition of driveway to assist us in interpreting § 11–101(2). By the express language of the Statute, public parking lots cannot be extended to include driveways. If the Legislature had intended to include private lots and driveways, it would have done so.

■ The demurrer having been sustained, Section 508 bars further prosecution, "unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

In this case, it is inconceivable how a new information could "avoid" the objection on which the demurrer was sustained, i.e., the fact that the alleged crime took place in a residential driveway. Thus, the refiling of the Information under Case No. CM–92–0848 was improper.

Accordingly, this case must be **REMANDED WITH INSTRUCTIONS TO DISMISS.**

LUMPKIN, P.J., and LANE, CHAPEL and STRUBHAR, JJ., concur.