**Phillip DeWitt SMITH, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–94–191.**

Court of Criminal Appeals of Oklahoma.

July 11, 1994.

Randy A. Bauman, Vicki Ruth Adams Werneke, Oklahoma Indigent Defense System, Norman, for petitioner.

Susan Brimer Loving, Atty. Gen., A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION DENYING POST–CONVICTION RELIEF

LUMPKIN, Presiding Judge:

Petitioner Phillip DeWitt Smith has appealed to this Court from an order of the District Court of Muskogee County denying his application for post-conviction relief in Case No. CRF 83–659. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Smith v. State*, 737 P.2d 1206 (Okl.Cr.1987). The United States Supreme Court subsequently denied a Petition for Certiorari. *See Smith v. Oklahoma*, 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987). Petitioner's first application for post-conviction relief was denied by the District Court and a subsequent appeal of that denial was affirmed by this Court in *Smith v. State*, 826 P.2d 615 (Okl.Cr.1992). A second Petition for Certiorari filed with the United States Supreme Court was denied in *Smith v. Oklahoma*, ⸺ U.S. ⸺, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992). A second application for post-conviction was filed by Petitioner in the District Court and relief was denied. It is that denial which Petitioner now appeals.

 Petitioner raises nine (9) allegations of error in this second application, any one of which he claims should entitle him to relief from this Court. Based upon the entire record in this case, including that of the two previous appeals, we find it is not necessary to address every allegation of error.

Allegations concerning issues which were raised on direct appeal are barred from reconsideration by *res judicata*.[1] While issues which could have been raised on direct appeal or in the first post-conviction application, but were not, are waived.[2] *Smith v. State*, 826 P.2d 615 (Okl.Cr.1992); *Johnson v. State*, 823 P.2d 370 (Okl.Cr.1991). 22 O.S. 1991, § 1086. An exception to these exclusionary rules exists when the court finds a ground for relief asserted which "for sufficient reason was not asserted or was raised inadequately in the prior application for post-conviction relief." 22 O.S.1991, § 1086. See also 22 O.S.1991, § 1080, (a person may institute a proceeding under the Post–Conviction Procedure Act by claiming the "conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore unavailable".) An intervening change in constitutional law which impacts the judgment and sentence has been held a sufficient reason for not previously asserting a claim for relief. *Stewart v. State*, 495 P.2d 834, 836 (Okl.Cr.1972). *See also Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.1992).

 It is this exception which Petitioner claims in his second proposition of error entitles him to relief. He argues that our recent decision of *Mitchell v. State*, 876 P.2d 682 (Okl.Cr.1993) constitutes an intervening change in the law which raises a claim heretofore unavailable to him; that of an improper jury instruction on flight. He contends the instruction given in his case violated his fundamental right to the presumption of innocence. Assuming arguendo, *Mitchell* represents a change in the law that rises to constitutional dimensions, see *Dowling v. United States*, 493 U.S. 342, 352–353, 110 S.Ct. 668, 674, 107 L.Ed.2d 708, 720 (1990)[3], any complaint as to a jury instruction on

---

1. This includes proposition of error number 6 wherein Petitioner argues the evidence was insufficient to support the conviction (this claim was raised and rejected in the first post-conviction application), and proposition number 7 wherein Petitioner challenges the validity of an aggravating circumstance by arguing the State failed to prove he was the same person named in a prior conviction.

2. This includes proposition of error number 3 wherein Petitioner attacks the validity of an ag-

gravating circumstance by challenging the underlying felony conviction and proposition number 5 wherein Petitioner argues the State failed to disclose all exculpatory evidence.

3. In *Dowling* the Supreme Court stated that the category of infractions that violate fundamental fairness is defined very narrowly. Courts are to determine only whether the "action complained of violates those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.*

flight is barred from reconsideration as it is not a ground "which for sufficient reason was not asserted" in a prior proceeding. See 22 O.S.1991, § 1086. As Appellant's appeal has been final for some six (6) years and as this is the first time he has raised any allegation of error concerning the flight instruction, we find his complaint waived. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661 (1987) (wherein the Supreme Court held that a "new rule for the conduct of criminal prosecutions ... applies retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past.") *See also Powell v. Nevada,* — U.S. —, 114 S.Ct. 1280, 128 L.Ed.2d 1 (1994).

Petitioner further argues the trial court erred in failing to grant his motion for default judgment based upon the State's failure to file a timely response to his second application for post-conviction relief.[4] The trial court ruled "the law was not clear as to the defendant's response time, and that, in any event, entry of a default was inappropriate in a case of this importance."

■ The time in which the State has to respond to an application for post-conviction relief is set forth in Section 1083 of the Post-Conviction Procedure Act, 22 O.S.1991, § 1080 *et seq.* Section 1083 provides in part "[w]ithin thirty (30) days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits". It is a common rule of statutory construction that when the language is plain and unambiguous and its meaning clear, the enactment will be accorded the meaning as expressed by the language therein employed. *Oklahoma Journal Publishing Company v. City of Oklahoma City,* 620 P.2d 452, 454 (Okl.App.1980). The phrase "or within any further time the court may fix"

indicates that the imposition of the thirty (30) day time limit for the State's response is discretionary with the trial court, not mandatory. *See Guinyard v. State,* 260 S.C. 220, 195 S.E.2d 392 (1973). Therefore, the trial court did not err in extending the State's response time and overruling the motion for default judgment.

■ In his fourth proposition of error, Petitioner alleges he was denied effective assistance of counsel at trial, on appeal and during post-conviction. Complaints concerning the performance of trial counsel are now barred as the claim was raised on direct appeal. Complaints concerning the assistance of counsel on direct appeal are also barred as that claim could have been raised during the first application for post-conviction relief, but was not. Complaints addressed to the performance of counsel during post-conviction, being raised now at the first available opportunity, will be addressed on the merits.[5]

■ In *Cartwright v. State,* 708 P.2d 592, 594 (Okl.Cr.1985), we held that the test for determining the effectiveness of both trial and appellate counsel is the standard of "reasonably effective assistance" set for in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693 (1984). In hearing a claim of ineffectiveness of counsel, the reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* 466 U.S. at 694–696, 104 S.Ct. at 2070, 80 L.Ed.2d at 699. The burden rests with the appellant to show that there is a reasonable probability that, but for any unprofessional errors by counsel, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to un-

---

4. The record reflects some confusion as to exactly how late the State was in filing its response. The trial court's order denying post-conviction relief and the Petitioner's brief reflect the response was approximately 5 days late. The State argues it was only 2 days.

5. It is interesting to note that the predecessor of Petitioner's current counsel, Oklahoma Indigent Defense System, the Appellate Public Defender, represented Petitioner in both his direct appeal and first post-conviction application.

dermine confidence in the outcome. *Id.*, 466 U.S. at 698, 104 S.Ct. at 2070.

■ Counsel on the first post-conviction application raised nine (9) allegations of error. An evidentiary hearing was held on that first application. Several of the claims were the same as presented now.[6] The fact that counsel was not successful does not make her ineffective. Further, the fact that she raised issues different from those raised on this successive application or raised similar issues in a different manner does not make counsel ineffective.[7] In *Boltz v. State*, 806 P.2d 1117, 1126 (Okl.Cr.1991), this Court stated:

> "[A]n attorney who makes a strategic choice to channel his investigation into fewer than all plausible lines of defense upon which he bases his strategy are reasonable and his choices on the basis of those assumptions are reasonable ...," An attorney's decision not to interview witnesses and to rely on other sources of information, if made in the exercise of professional judgment, is not ineffective counsel.

Here, Petitioner has failed to show that, but for any unprofessional errors by counsel, the result of his trial would have been any different. As the Supreme Court recognized in *Strickland*, "[T]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." 466 U.S. at 689, 104 S.Ct. at 2065. Accordingly, Petitioner is not entitled to relief on the basis of ineffective assistance of counsel.

■ In his eighth proposition of error, Petitioner argues the trial court erred in failing to grant his motion for discovery seeking access to all files in the possession of the district attorney and law enforcement authorities relating to his case. Petitioner has cited no authority authorizing full discovery of the prosecution's file during post-conviction proceedings. In his application to this Court, Petitioner has failed to show that the State is in possession of any previously undisclosed exculpatory evidence. There is nothing in the record to indicate that all discovery requests made prior to trial and contemporaneous with trial were not sufficiently met. Accordingly, we find no error in the trial court's denial of the discovery motion.

■ For his final proposition of error, Petitioner claims the trial court erred in failing to grant an evidentiary hearing on his post-conviction application. Under the Post-Conviction Procedure Act, an evidentiary hearing is required only "if the application cannot be disposed of on the pleadings and record, or if there is a material issue of fact." 22 O.S.1991, § 1084. The trial court ruled there was no need for an evidentiary hearing on the issues raised by Petitioner as they "are all questions of law. They are clearly discernable on the argument and authority presented by counsel."[8]

A review of Petitioner's allegations of error, the trial court's findings of fact and conclusions of law contained in the order denying post-conviction relief and the entire record in this case indicates an evidentiary hearing was not necessary. The claims raised by Petitioner involve solely questions of law and the trial court was able to summarily decide Petitioner's claims on the application, argument and authorities before it. *See Johnson v. State*, 823 P.2d at 373–374. Therefore, the order of the District Court denying post-conviction relief should be, and is hereby AFFIRMED.

JOHNSON, V.P.J., and LANE and STRUBHAR, JJ., concur.

CHAPEL, J., concurs in results.

---

6. These include challenges to the effectiveness of trial counsel, the credibility of "informers", and the credibility of prosecution witness Victor Hickman.

7. Errors by counsel alleged for the first time include the failure to investigate forensic evidence and evidence of Petitioner's mental impairment.

8. Transcript of "Court's Ruling", Feb. 14, 1994, pg. 5.