2003 OK CR 20

**Gary Boyd FENIMORE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2002–1512.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 2003.

Charles L. Sifers, Oklahoma City, OK, attorney for defendant at trial.

Cindy Troung, Asst. District Attorney, Oklahoma City, OK, attorney for the state at trial.

Charles L. Sifers, Andrea Digilio Miller, Oklahoma City, OK, attorneys for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Patrick Crawley, Assistant Attorney General, Oklahoma City, OK, attorneys for state on appeal.

### SUMMARY OPINION

JOHNSON, Presiding Judge:

¶ 1 Appellant, Gary Boyd Fenimore, was convicted in Oklahoma County District Court, Case No. CF 2001–5650, of Driving Under the Influence, in violation of 47 O.S. 2001, § 11–902 (Count 1), of with Driving While Privilege Revoked, in violation of 47 O.S.2001, § 6–303(B) (Count 2). A bench trial was held before the Honorable Ray C. Elliott, District Judge, on October 21, 2002. Judge Elliott found Appellant guilty of both Counts and set punishment at two (2) years imprisonment on Count 1 and at one (1) years imprisonment on Count 2. Judgment and Sentence was imposed on December 11, 2002, and Judge Elliott ordered the sentences to be served concurrently. From the Judgment and Sentences imposed, Appellant perfected this appeal.

¶ 2 Appellant raises a single proposition of error:

Because Mr. Fenimore was on private property at the time he was stopped, and had only been observed driving on private property, no crime was committed and therefore, Mr. Fenimore's conviction must be reversed with instructions to dismiss.

After thorough consideration of the entire record before us on appeal, including the original record, transcripts, briefs and exhibits of the parties, we have determined that Appellant's proposition has merit for the reasons set forth below.

¶ 3 The trial court should have sustained Appellant's motion to quash and demurrer, as the State's evidence did not prove Appellant committed an act which constituted a public offense. 22 O.S.2001, § 504(4). The stipulated evidence in this case does not establish that Appellant's driving under the influence or that his driving while privilege revoked occurred either on a highway, turnpike or public parking lot. *Houston v. State,* 1980 OK CR 63, ¶ 4, 615 P.2d 305, 306; 47 O.S.2001, §§ 11–101(A)(2), 11–902; 6–303.

¶ 4 There are persuasive public safety/public policy reasons to hold differently. The operation of a motor vehicle while under the influence of alcohol is an act which is dangerous to the public wherever it may occur— whether in a trailer park, a parking lot, or in the privately-maintained gated subdivisions across the metropolitan areas. However, until the Oklahoma legislature more broadly defines those areas where driving under the influence is prohibited or until it does not *restrict* the act of driving under the influence to certain areas, this Court cannot sustain a conviction under the facts of this case where the State did not prove Appellant drove his car while under the influence on a highway, turnpike or public parking lot.[1]

---

1. Other states have more broadly defined prohibitions against drunk driving. Some jurisdictions have general legislation, without geographical restrictions, which prohibit drunk driving without restricting or describing where the offense must be committed. *See e.g.* Alaska Stat. § 28.35.030 (2002); Ariz.Rev.Stat. §§ 28–621, 28–1302, 28–1381 (2003); Ark.Code Ann. § 5–

¶ 5 Rules of statutory construction require criminal statutes be constructed strictly against the State and liberally in favor of the accused. *State v. Young,* 1999 OK CR 14, ¶ 13, 989 P.2d 949, 952. Further, Courts will not enlarge the meaning of words included in the statute to create a crime not defined by that statute. *Id.* at ¶ 27, 989 P.2d at 955. The statute defining the offense of driving under the influence, 47 O.S.2001, § 11–902 does not extend the applicability of that statute beyond highways, turnpikes, or public parking lots. *See also Houston,* 1980 OK CR 63, ¶¶ 3–4, 615 P.2d at 306 (interpreted public parking lots to include any parking lot adjacent to a right-of-way, or to which the general public has access).

¶ 6 In an excellent article relative to the applicability of drunk driving statutes to specific locations, the author notes that a number of States have broader, less restrictive, statutes than the Oklahoma statute. Okasinski, *Applicability, to Operation of Motor Vehicle on Private Property, of Legislation Making Drunken Driving a Criminal Offense,* 52 ALR 5th 655 (1997). These broader statutes make the act of driving while intoxicated a criminal offense while on private roadways and on other private properties. 52 ALR 5th 655 at 689.

¶ 7 If the language of Oklahoma's driving under the influence statute needs to be amended—whether by broadening the language or by making it an all inclusive statute to prohibit driving under the influence anywhere in the State, it must be done by the Oklahoma Legislature. The growing number of trailer parks, apartment complexes, gated communities and similar private property locations have created a public safety question whether these areas should be included in a broad statute for the protection of the public. We defer to the legislature to answer that question.

¶ 8 In this case, Appellant was allegedly drunk driving on a road in a trailer park which was privately owned and not publicly maintained. He was not observed driving outside of the trailer park. The State did not present any evidence showing the streets of the privately owned trailer park were open to the public or were adjacent to the public roadway. Under the facts presented here, we are unable to sustain Appellant's conviction because the State did not prove he was driving on a highway, turnpike, or public parking lot. Accordingly, we find Appellant's convictions for felony Driving Under the Influence and Driving While Privilege Revoked should be reversed and remanded to the District Court of Oklahoma County with instructions to dismiss.

## DECISION

The Judgment and Sentences imposed in Oklahoma County District Court, Case No. CF 2001–5650, are hereby **REVERSED AND REMANDED TO THE DISTRICT COURT WITH INSTRUCTIONS TO DISMISS.**

LILE, V.P.J., LUMPKIN, J., CHAPEL, J., and STRUBHAR, J., concur.

65–103(a)(Michie 2002); Cal. Veh.Code § 23152 (West 2003); Colo.Rev.Stat. § 42–4–1301 (2003); Fla. Stat. Ann. § 316.193(1)(a)(West 2003); Ga. Code Ann. § 40–6–391 (West 2003); Indiana Code Ann. § 9–30–5–2 (Burns 2003 Supp.); Ohio Rev.Code Ann. § 4511.19(A)(1)(Banks–Baldwin 2003). Other jurisdictions have broadened their drunk driving statutes by defining areas where drunk driving is prohibited to include private property—which is open to the public, *see e.g.* Idaho Code § 18–8004 (2003) and Ohio Rev. Code Ann. § 4511.19 (Banks–Baldwin 2003), and *trailer parks, see* Tenn.Code Ann. § 55–10–401(a).