2003 OK 117

**Debra Jean PLETCHER, Plaintiff/Appellee,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.**

**No. 99,291.**

Supreme Court of Oklahoma.

Dec. 23, 2003.

As Corrected Feb. 4, 2004.

---

E. Joe Lankford, Norman, OK, for Plaintiff/Appellee.

Kevin L. McClure, Oklahoma City, OK, for Defendant/Appellant.

BOUDREAU, Justice.

¶ 1 The issue is whether the parking lot of the Dillards Group Building in Norman, Oklahoma, is a public parking lot for purposes of Oklahoma's implied consent statute, 47 O.S.2001, § 751 *et seq.* We hold that it is.

¶ 2 The material facts in this case are not disputed. At around 2:53 a.m. on February 8, 2003, a Norman police officer on routine patrol noticed a car with its engine running and lights on, parked in the parking lot of the Dillards Group Building. Upon investigation he found plaintiff sitting in her car and arrested her for being in actual physical control of a motor vehicle while under the influence of an intoxicating substance. Pursuant to Oklahoma's implied consent statute, he asked her to take a chemical test. She refused. As a result, the Department of Public Safety (DPS) revoked her driver's license. She appealed to the district court. The district court applied the test set out in *Justus v. State of Oklahoma ex rel. Department of Public Safety,* 2002 OK 46, 61 P.3d 888, and ruled in favor of plaintiff, holding that the parking lot is not a public parking lot for purposes of the implied consent statute. The Court of Civil Appeals affirmed. Having previously granted certiorari, we reverse.

¶ 3 Appeals from implied consent revocation orders are heard *de novo* in the district court, both on the law and on the facts. *In re Braddy,* 1980 OK 44, 611 P.2d 235, 237–38. In this case, since the material facts are not disputed, the issue presented on certiorari is a pure question of the application of a statute to the undisputed facts. This presents a question of law that we review *de novo. Manley v. Brown,* 1999 OK

79, ¶ 22, 989 P.2d 448, 455. In a *de novo* review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law. *Id.*

¶ 4 The implied consent statute provides in pertinent part: "[a]ny person who operates a motor vehicle upon the public roads, highways, streets, turnpikes or other public place within this state shall be deemed to have given to consent to a test or tests of such person's blood or breath, for the purpose of determining the alcohol concentration[.]" 47 O.S.2001, § 751(A)(1). If such person refuses the chemical test, DPS "shall revoke" the person's driver's license. 47 O.S.2001, § 753.[1] The Legislature has defined "public parking lot" for purposes of Title 47.[2] A public parking lot is "[a]ny parking lot on a right-of-way dedicated to public use or owned by the state or a political subdivision thereof." 47 O.S.2001, § 1–142(b).

¶ 5 Under these statutes, if the parking lot of the Dillards Group Building in Norman, Oklahoma is a public parking lot, plaintiff impliedly consented to taking a chemical test and her refusal to take the test supports DPS' revocation of her driver's license. On the other hand, if the parking lot is not a public parking lot, the implied consent statute is not applicable and her refusal to take a chemical test does not support DPS' revocation of her driver's license.

¶ 6 We recently addressed this exact issue in the context of an apartment complex parking lot in *Justus v. State of Oklahoma ex rel.*

Department of Public Safety, 2002 OK 46, 61 P.3d 888. In *Justus,* we held the parking lot at the apartment complex was not a public parking lot for purposes of the implied consent statute, pointing out that it was fenced off, gated, locked at night, and clearly marked as a private parking lot with signs at every entrance.[3] We also distinguished *Houston v. State,* 1980 OK CR 63, 615 P.2d 305, a decision in which the Court of Criminal Appeals interpreted the statutory definition of public parking lot so broadly as to make virtually *every* parking lot a public parking lot for purposes of the implied consent statute.

¶ 7 The statutory definition of public parking lot is plain and unambiguous. The first part of the definition means any parking lot which is adjacent to a right-of-way dedicated to public use *and* to which the public has a reasonable expectation of access.[4] The second part of the definition means any parking lot that is owned by the state or a political subdivision of the state.

¶ 8 In this case it is undisputed that the Dillards Group Building parking lot is adjacent to a right-of-way dedicated to public use and that the public has a reasonable expectation of access to it. Accordingly, we hold that the Dillards Group Building parking lot in Norman, Oklahoma, is a public parking lot for purposes of Oklahoma's implied consent statute. We vacate the opinion of the Court of Appeals, reverse the district court judgment, and remand with instructions to affirm

---

1. This is but a short excerpt of § 753, but it is the only language of § 753 that is material to the narrow issue in this case.

2. The definition of public parking lot is found in Chapter 1 of Title 47. Chapter 1 contains definitions that expressly apply to Title 47. *See* 47 O.S.2001, § 1–101.

3. In *Justus* we observed:
   The parking lot has three entrances. All three have signs reading, in pertinent part: "Private Property, Tenants and Invited Guests Only!" Two of the entrances have gates that are locked after 10:00 p.m. The third entrance is the main entrance and has no gate, but opens directly into the main office where the business of the apartment complex is transacted. *Justus,* 2002 OK 46, ¶ 1, 61 P.3d at 889.

4. We acknowledge that *Justus,* 2002 OK 46, 61 P.3d 888, could be read as having rejected that the word "on", in the definition of public parking lot, is synonymous with "adjacent to". *Justus* does not stand for that proposition. Rather, *Justus* rejected the broad construction given by the Court of Criminal Appeals in *Houston.* *Houston* held that the first part of the statutory definition means "any parking lot which is adjacent to a right-of-way *or* which the general public has access to." *Houston,* 615 P.2d at 306 (emphasis added). *Houston,* in effect, created a third category of public parking lots, *i.e.,* those *to which the general public has access to*—without regard to whether they are adjacent to a right-of-way dedicated to public use.

the order of the Department of Public Safety.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; DISTRICT COURT JUDGMENT REVERSED; CAUSE REMANDED WITH INSTRUCTIONS.**

All Justices Concur.