STATE v. SILAS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. SILAS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. SILAS
2020 OK CR 10
Case Number: S-2019-577
Decided: 06/18/2020
STATE OF OKLAHOMA, Appellant v. DELTA LOUISE SILAS, Appellee.

Cite as: 2020 OK CR 10, __ __

 

SUMMARY OPINION
LUMPKIN, JUDGE:
¶1 Appellee was charged with first-degree misdemeanor manslaughter, 21 O.S.2011, § 711(1), in Pottawatomie County District Court Case No. CF-2019-09. The underlying misdemeanor alleged was driving under the influence of alcohol, 47 O.S.Supp.2018, § 11-902.
¶2 The evidence presented by the State at preliminary hearing indicated that Silas and her husband, Ronnie Sheppard, spent the late afternoon hours of October 18, 2018, at their rural Pottawatomie County home drinking alcohol. They were later joined by their friend, Samuel Champlin. Champlin spent the evening drinking with the couple. Shortly after he returned home, Champlin received a phone call from Silas. Champlin testified that Silas told him, "I hit Ron and killed him. I've run over Ron. I'm going to spend the rest of my life in jail." At Champlin's urging, Silas called 9-1-1. Responding deputies confirmed that Sheppard was deceased and testified that Silas appeared intoxicated. A test of her blood indicated an alcohol concentration of .15.
¶3 Silas demurred. She argued that because the incident happened on her driveway she could not be convicted of the underlying misdemeanor offense of driving under the influence of alcohol, and therefore could not be guilty of first-degree (misdemeanor) manslaughter.
¶4 The argument was based on what was not included in the language of Section 11-902. Under this Section, it is unlawful for any person who is under the influence of alcohol to:
drive, operate, or be in actual physical control of a motor vehicle within this state, whether upon public roads, highways, streets, turnpikes, other public places or upon any private road, street, alley or lane which provides access to one or more single or multi-family dwellings . . . . 
47 O.S.Supp.2018, § 11-902(A).
¶5 Because in 47 O.S.2011, § 11-404 the Legislature referenced both "private road" and "driveway," Silas contended the absence of "driveway" in Section 11-902(A) evidenced the intent of the Legislature to exclude driveways from the legislation governing driving under the influence.[1] Special Judge David Cawthon granted the demurrer and the decision was upheld by Associate District Judge Sheila G. Kirk. The State's appeal of the decision was automatically placed on the accelerated docket of this Court pursuant to Rule 11.2(A)(4), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020). The issues were presented to this Court in oral argument on March 5, 2020, pursuant to Rule 11.2(E). At the conclusion of the argument, this Court voted to reverse the decision of the district court.
¶6 Because the issue involves statutory interpretation, it is reviewed de novo. Smith v. State, 2007 OK CR 16, ¶ 40, 157 P.3d 1155, 1169. A fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature. Gerhart v. State, 2015 OK CR 12, ¶ 14, 360 P.3d 1194, 1198. Legislative intent is first determined by the plain and ordinary language of the statute. Newlun v. State, 2015 OK CR 7, ¶ 8, 348 P.3d 209, 211. "A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." Jordan v. State, 1988 OK CR 227, ¶ 4, 763 P.2d 130, 131.
¶7 We find nothing in the plain language of Section 11-902(A) suggesting an intent on the part of the Legislature to exclude "driveways" from the statute's reach. See State v. Farthing, 2014 OK CR 4, ¶ 7, 328 P.3d 1208, 1210-11 (where there is no ambiguity in the language of the statute, "[u]se of canons of construction to fabricate a different result is improper").
¶8 If the plain language of the statute were not enough, we note that in 47 O.S.2011, § 1-148 the Legislature chose to define "private road" and "driveway" synonymously.[2] "[T]his Court is bound by the language the Legislature has placed in our statutes defining crimes." Arganbright v. State, 2014 OK CR 5, ¶ 15, 328 P.3d 1212, 1216.
¶9 Appellee's reliance on State v. Haws, 1994 OK CR 11, 869 P.2d 849 does not support a different result. Haws, who was discovered asleep in someone else's driveway, was charged with actual physical control (APC). The APC statute (47 O.S. § 11-902) was governed by another statute (47 O.S. § 11-101), which limited the reach of such prosecutions to highways, turnpikes and public parking lots. Houston v. State, 1980 OK CR 63, ¶¶ 3-4, 615 P.2d 305, 306. The issue in Haws was whether the private driveway was a "public parking lot" for purposes of APC prosecution. We found it was not and therefore affirmed the lower court's decision dismissing Haws' prosecution. Haws, 1994 OK CR 11, ¶ 14, 869 P.2d at 852.
¶10 The same result was reached almost ten years later in Fenimore v. State, 2003 OK CR 20, 78 P.3d 549 where we dismissed a conviction for driving under the influence because the prosecution failed to prove the conduct occurred on a highway, turnpike or public parking lot. Fenimore, 2003 OK CR 20, ¶ 3, 78 P.3d at 550. We noted the narrow scope of the statute, and invited the Legislature to make a change: "If the language of Oklahoma's driving under the influence statute needs to be amended -- whether by broadening the language or by making it an all inclusive statute to prohibit driving under the influence anywhere in the State, it must be done by the Oklahoma Legislature." Fenimore, 2003 OK CR. 20, ¶ 7, 78 P.3d at 551.
¶11 The Legislature responded. It amended Section 11-902(A) in 2004 by adding language expanding the scope of the statute and making it clear that private property was included within that scope. Specifically, the Legislature added: "whether upon public roads, highways, streets, turnpikes, other public places or upon any private road, street, alley or lane which provides access to one or more single or multi-family dwellings." 2004 SB 1407, c. 548, § 1 emerg. eff. June 9, 2004. Because this language did not exist at the time Haws was decided, it cannot be said, as Appellee suggests, that the case continues to stand for the proposition that the reach of Section 11-902 does not extend to private driveways. See Luna-Gonzales v. State, 2019 OK CR 11, ¶ 9, 442 P.2d 171, 174 (recognizing subsequent statutory amendments "impliedly" overrule case law with conflicting interpretations).
¶12 If anything, Haws, which dismissed the prosecution of someone found on a private driveway, cuts against Appellee's position. "[W]e must presume that the Legislature was aware of our decisions and contemplated them in amending the statute." State v. Iven, 2014 OK CR 8, ¶ 14, 335 P.3d 264, 269. After Haws and Fenimore, the Legislature expanded the reach of the statute and by doing so made clear that private property was not off limits. What the Legislature did implicitly through statutory amendment, we now do explicitly and overrule Haws and Fenimore to the extent those cases are inconsistent with this opinion.
¶13 Based on the testimony of first responders, here we are faced with a pathway -- whether it is referred to as a private road or a driveway -- extending from a highway to a single-family residence. Under these circumstances, we have little difficulty finding Section 11-902(A) plainly applies.
DECISION
¶14 The decision granting Appellee's demurrer is REVERSED and this matter is REMANDED to the district court for proceedings not inconsistent with this opinion.
AN APPEAL FROM THE DISTRICT COURT
OF POTTAWATOMIE COUNTY
THE HONORABLE SHEILA KIRK, ASSOCIATE DISTRICT JUDGE




APPEARANCES AT TRIAL
ROBERT A. BUTLER
ATTORNEY AT LAW
320 N. BROADWAY
SHAWNEE, OK 74801
COUNSEL FOR DEFENDANT

APPEARANCES ON APPEAL
CURTIS BUSSETT
GREG WILSON
ASST. DISTRICT ATTORNEYS
331 N. BROADWAY
SHAWNEE OK, 74801
COUNSEL FOR APPELLANT


CURTIS BUSSETT
ASST. DISTRICT ATTORNEY
331 N. BROADWAY
SHAWNEE, OK 74801
COUNSEL FOR STATE

ROBERT A. BUTLER
ATTORNEY AT LAW
320 N. BROADWAY
SHAWNEE, OK 74801
COUNSEL FOR APPELLEE

OPINION BY: LUMPKIN, J.
LEWIS, P.J.: Dissent
KUEHN, V.P.J.: Specially Concur
HUDSON, J.: Specially Concur ROWLAND, J.: Concur 
FOOTNOTES
[1] Section 11-404 provides, "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."
[2] Section 1-148 is entitled "Private Road or Driveway" and provides, "Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons."




LEWIS, PRESIDING JUDGE, DISSENTING:
¶1 I would affirm the court below. Statutory interpretation drives my view. The foundation of statutory construction is that when the language is plain and unambiguous and its meaning clear, the enactment will be accorded the meaning as expressed by the language employed. Smith v. State, 1994 OK CR 46, ¶ 5, 878 P.2d 375, (citing Oklahoma Journal Publishing Company v. City of Oklahoma City, 1979 OK CIV APP 42, ¶ 7, 620 P.2d 452, 454).
¶2 The plain language clearly indicates that the legislature intended that persons not drive under the influence on public or private roadways. Nowhere in section 11-902(A) is driveway listed as one of the identified areas covered by the statute. Had the legislature intended driveways to be included in this statute they would have done so.
¶3 The majority's reach to include driveway in this statute fails the common rules of statutory construction. As much as I believe that driving under the influence is detestable, my belief must be bound by the legislature's power to enact laws, and the limits of the Court to interpret those laws. The Court's Opinion expanding the statute to include a common driveway is misplaced, therefore, I dissent.




HUDSON, J., SPECIALLY CONCURS 
¶1 Title 47 O.S.Supp.2018, § 11-902(A) classifies roads into two basic categories: public and private. The plain language of the statute makes it unlawful for any person to drive, operate or have actual physical control of a motor vehicle whether upon public roads (or in other public places) or "upon any private road . . . which provides access to one or more single or multi-family dwellings[.]" Period. The inclusion of specific examples--i.e., highways, streets, turnpikes, alleys, lanes--in the statutory language represents inclusive (not exclusive) language that reinforces the categorical demarcation line for each broad category contained within the statute's plain language. To read the plain language of § 11-902(A) any other way would lead to absurd consequences, something forbidden under the rules of statutory construction we apply. See State ex rel. Mashburn v. Stice, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250. A driveway leading to a single-family home on a rural homestead clearly falls under the statute. I therefore specially concur in today's decision. I am authorized to state that Vice-Presiding Judge Kuehn joins in this writing.
 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 227, 763 P.2d 130, JORDAN v. STATE
Discussed
 1994 OK CR 11, 869 P.2d 849, STATE v. HAWS
Discussed at Length
 1994 OK CR 46, 878 P.2d 375, SMITH v. STATE
Discussed
 2003 OK CR 20, 78 P.3d 549, FENIMORE v. STATE
Discussed at Length
 2007 OK CR 16, 157 P.3d 1155, SMITH v. STATE
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
 2014 OK CR 4, 328 P.3d 1208, STATE v. FARTHING
Discussed
 2014 OK CR 5, 328 P.3d 1212, ARGANBRIGHT v. STATE
Discussed
 2014 OK CR 8, 335 P.3d 264, STATE v. IVEN
Discussed
 2015 OK CR 7, 348 P.3d 209, NEWLUN v. STATE
Discussed
 2015 OK CR 12, 360 P.3d 1194, GERHART v. STATE
Discussed
 2019 OK CR 11, 442 P.3d 171, LUNA-GONZALES v. STATE
Cited
 1980 OK CR 63, 615 P.2d 305, HOUSTON v. STATE
Discussed
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1979 OK CIV APP 42, 620 P.2d 452, OKLA. JOURNAL PUB. CO. v. CITY OF OKLAHOMA CITY
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 711, First Degree Manslaughter
Cited
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Discussed at Length
 47 O.S. 1-148, Private Road or Driveway
Cited
 47 O.S. 11-101, Provisions of Chapter Refer to Vehicles Upon the Highways - Exceptions
Cited
 47 O.S. 11-404, Vehicle Entering Highway from Private Road or Driveway
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA