O'CONNOR v. OKLAHOMA STATE CONFERENCE OF NAACP
2022 OK CR 21
Case Number: CQ-2022-418
Decided: 08/25/2022
O'CONNOR, Appellant v. OKLAHOMA STATE CONFERENCE OF NAACP, Appellee
Cite as: 2022 OK CR 21, __ __

 

JOHN M. O'CONNOR, in his official capacity as Oklahoma Attorney General; DAVID PRATER, in his official capacity as District Attorney of Oklahoma County, Appellant - Defendants,
v.
OKLAHOMA STATE CONFERENCE OF THE NAACP, Appellee - Plaintiff.

OPINION ANSWERING CERTIFIED QUESTIONS OF LAW

ROWLAND, PRESIDING JUDGE:

¶1 Before the Court is an Order from The Honorable Carolyn B. McHugh, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, certifying the following questions of law:

1. Does Okla. Stat. tit. 21, § 1312(5) apply only to individuals who are guilty of participating in a riot and who unlawfully obstruct a roadway while participating in such riot?

2. Does Okla. Stat. tit. 21 § 1320.12 impose liability only on organizations that have been found guilty of conspiring with others to violate one of Oklahoma's specifically enumerated anti-riot laws?

¶2 This Court has authority to respond to such requests from the federal court pursuant to the Uniform Certification of Questions of Law Act. 20 O.S.2011, § 1601See also Moore v. Gibson, 2001 OK CR 827 P.3d 483

1. BACKGROUND

¶3 During the 2021 First Regular Session, the Oklahoma Legislature enacted House Bill 1674, amending, in Section 1, 21 O.S.2011, § 131221 O.S.Supp.2021, § 1320.12

¶4 Section 1, now at 21 O.S.Supp.2021, § 131221 O.S.Supp.2021, § 1320.12

2. DISCUSSION

¶5 In determining whether these two challenged provisions apply only to individuals or organizations otherwise engaged in riot-related violations of the law, we employ familiar rules of statutory construction. Our ultimate goal is to determine the intent of the Legislature and to interpret the statutes in accord therewith. State v. Silas, 2020 OK CR 10470 P.3d 339Lozoya v. State, 1996 OK CR 55932 P.2d 22Silas, 2020 OK CR 10Newlun v. State, 2015 OK CR 7348 P.3d 209Landrum v. State, 96 Okla.Crim.App. 356, 359, 255 P.2d 525Weeks v. State, 2015 OK CR 16362 P.3d 650Vilandre v. State, 2005 OK CR 9113 P.3d 893See also State v. District Court of Oklahoma County, 2007 OK CR 3154 P.3d 84Byrd v. Caswell, 2001 OK CR 2934 P.3d 647

¶6 With these principles in mind, we turn to the questions presented.

A. Section 1 of House Bill 1674/21 O.S.Supp.2021, § 1312

¶7 Title 21 O.S.Supp.2021, § 1312

Every person who shall unlawfully obstruct the normal use of any public street, highway or road within this state by impeding, hindering or restraining motor vehicle traffic or passage thereon, by standing or approaching motor vehicles thereon, or by endangering the safe movement of motor vehicles or pedestrians traveling thereon shall, upon conviction, be guilty of a misdemeanor punishable by imprisonment in the county jail for a term not exceeding one (1) year, or by a fine of not less than One Hundred Dollars ($100.00) and not exceeding Five Thousand Dollars ($5,000.00), or by both such fine and imprisonment. In addition, the person shall be liable for all damages to person or property by reason of the same. As used in this paragraph, "obstruct" means to render impassable or to render passage unreasonably inconvenient or hazardous.

¶8 The plain language of this statute, read in context, makes clear that this paragraph is violated only by a person who is guilty of participating in a riot and while doing so, engages in the prohibited conduct of obstructing traffic or endangering the safe movement of vehicles or pedestrians.

¶9 This narrow interpretation of Section 1312(5) is bolstered by the fact that other, more generally applicable statutes regulating motor vehicles, pedestrian traffic, and the interplay between the two, are found in other statutes. See, e.g., 47 O.S.2011, § 11-50147 O.S.2011, § 11-50347 O.S.2011, § 11-506

B. Section 3 of House Bill 1674/21 O.S.Supp.2021, § 1320.12

¶10 The second question certified to us by the United States Court of Appeals for the Tenth Circuit is likewise answerable by the plain language of the statute read in context with surrounding provisions. Title 21 O.S.Supp.2021, § 1320.12

If an organization is found to be a conspirator with persons who are found to have committed any of the crimes described in Sections 1311 through 1320.5 and 1320.10 of Title 21 of the Oklahoma Statutes, the conspiring organization shall be punished by a fine that is ten times the amount of said fine authorized by the appropriate provision.

Sections 1311 through 1320.5 define and provide penalties for the crimes of rioting, rout, and unlawful assembly. Section 1320.10 sets the punishment for persons who teach or train in the use, etc. of firearms or incendiary devices, or deadly physical force, knowing or intending that such efforts further a riot or civil disorder. The new provision at Section 1320.12 draws its penalty from the violation committed by the person with whom the organization conspires, and thus it must be read in conjunction with those sections.

¶11 The precise wording of Section 1320.12 applies to an organization "found" to be a conspirator with persons who are "found" to have committed any of the crimes specified. It penalizes such a conspiring organization with a fine that is ten times the fine attendant to the specified crime. The use of the word "found" twice in this statute when referring to conduct which begets criminal penalties leaves no doubt that this is a criminal penalty provision. Persons cannot be criminally punished until they are convicted, i.e. found guilty. Thus, 21 O.S.Supp.2021, § 1320.12

 

ANSWER

 

¶12 We therefore hold:

1. Okla. Stat. tit. 21 § 1312(5) applies only to individuals who are guilty of participating in a riot and who unlawfully obstruct a roadway while participating in such riot.

2. Okla. Stat. tit. 21 § 1320.12 imposes liability only on organizations that have been found guilty of conspiring with others to violate one of Oklahoma's specifically enumerated anti-riot laws, where the others with whom the organization is conspiring are found to have violated one of the specifically enumerated anti-riot laws.

¶13 Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022), the MANDATE is ORDERED issued upon delivery and filing of this decision.

CERTIFIED QUESTIONS OF LAW FROM THE UNITED STATES
COURT OF APPEALS FOR THE TENTH CIRCUIT,
THE HONORABLE CAROLYN B. MCHUGH, CIRCUIT JUDGE

 

 
 
 
 APPEARANCES FOR APPELLANTS - DEFENDANTS

 MITHUN MANSINGHANI
 SOLICITOR GENERAL
 ANDY N. FERGUSON
 ZACHARY PAUL WEST
 ASSISTANT SOLICITORS GENERAL
 OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF
 OKLAHOMA -- LITIGATION DEPARTMENT
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105

 APPEARANCES FOR APPELLEE -- PLAINTIFF

 BENJAMIN ADAM GIFFORD
 MARY B. MCCORD
 JOSEPH W. MEAD
 GEORGETOWN UNIVERSITY LAW CENTER
 INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
 600 NEW JERSEY AVENUE, NW
 WASHINGTON, DC 20001
 
 
 

OPINION BY: ROWLAND, P.J.
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur in Part and Dissent in Part
MUSSEMAN, J.: Concur

FOOTNOTES

 

 

LEWIS, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I respectfully dissent from the majority's answer to the first certified question. I concur in the Court's answer to the second certified question. Statutory interpretation drives my view. The plain language of the statute includes no element of riot to complete the offense defined in subsection 1312(5). The majority's contrary conclusion misreads the language in the statute, subverts Legislative authority, and disregards common rules of statutory construction.

¶2 The paramount purpose of statutory interpretation is to discern Legislative intent, "as expressed in the statute." State v. Young, 1999 OK CR 14989 P.2d 949Id. This Court's commitment to the rule of strict construction requires:

A statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what [its] terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive.

State v. Duc Hong Pham Tran, 2007 OK CR 39172 P.3d 199Newlun v. State, 2015 OK CR 7348 P.3d 209

¶3 It is solely within the province of the Legislature to determine the scope of subsection 1312(5). The unambiguous omission of riot and its elements conveys legislative intent to exclude any element of riot from subsection 1312(5). The elements of riot are completely absent from the entirety of subsection 1312(5); the majority's insertion of riot as an element of the offense improperly enlarges the statute wholly by implication.

¶4 Title 21, section 1311 defines a riot to occur when three or more people use force or violence without authority of law. (emphasis added). By contrast, subsection 1312(5) applies to every person committing unlawful obstruction of a defined roadway. Subsection 1312(5) also clearly omits any reference to the use of force or violence, another essential element of riot. Subsection 1312(5) is triggered regardless of whether a person commits unlawful obstruction during a riot or in a solitary act. The Legislature provided three definitions of obstruct: to render impassable, to render passage unreasonably inconvenient, or hazardous. Under the plain and ordinary language of subsection 1312(5), a single person standing or lying in the middle of a public street can be guilty of violating the statute without participating with two or more people in a riot.

¶5 The Legislature had ample opportunity to require proof of a contemporaneous act of riot in its new subsection to section 1312. If the Legislature intended to require proof that those obstructing traffic were also guilty of a riot, it easily could have done so with the notation: "every person, [while in the commission of such riot,] who shall unlawfully obstruct....," etc. Subsections 1 through 4 each reference riot and have a subject of "such person," thus connecting the penalty to the crime of riot defined in section 1311. 21 O.S.2021, § 1312such person is punishable as for a misdemeanor." 21 O.S.2021, § 1312every person distinguishes the misdemeanor in subsection 5 from all other offenses mentioned in section 1312. Aside from its curious placement, the comprehensive language in subsection 1312(5) bears no relation to riot. I therefore respectfully dissent from the Court's answer to the first certified question.