William Doyle MATTHEWS, Petitioner,

v.

Donald E. POWERS, Judge of the District Court of Lincoln County, Oklahoma, Respondent.

No. A–14219.

Court of Criminal Appeals of Oklahoma.

March 22, 1967.

Chapman & Jones, Bristow, James & Butts, Stroud, for petitioner.

John L. Clifton, Dist. Atty., Joe Young, Asst. Dist. Atty., Lincoln County, for respondent.

PER CURIAM.

This is an original proceeding by William Doyle Matthews against Donald E. Powers, Judge of the District Court of Lincoln County, Oklahoma, for a writ of prohibition directed to the Respondent, to prohibit him from proceeding further in a criminal case pending in the district court of Lincoln County.

The pleadings before this Court reflect that the Petitioner herein was charged with the crime of operating a gambling game, as set forth in Title 21 Okl.St.Ann. § 941, which provides in part as follows:

"Every person who opens, or causes to be opened, or who conducts, whether for hire or not, or carries on either poker, roulette, craps or any banking or percentage, *or any gambling game played with dice, cards or any device,* for money, checks, credits, or any representatives of value, or who either as owner or employee, whether for hire or not, deals for those engaged in any such game, shall be guilty of a felony, * * *. Laws 1916, ch. 26, p. 54, § 1." (Emphasis added.)

The information in said cause charges that the petitioner "did then and there wilfully, unlawfully and feloniously then and there conduct and carry on a gambling game, to-wit: Calcutta, by auctioned off numbers, upon a horse race; he being the operator and auctioneer of said Calcutta betting, located at Midway Downs, in Stroud, Oklahoma, * * *."

Petitioner contends in his brief, and argued the same before this Court on March 8, 1967, that the appropriate statute under which the charge should have been made is Title 21 Okl.St.Ann. § 991, which sets forth the punishment for a misdemeanor; whereas, the punishment set forth in Section 941 is that for the commission of a felony. Title 21 Okl.St.Ann. § 991 provides in part as follows:

"It shall be unlawful for any person or persons or association of persons, corporation or corporations, to bet or wager by means of books, machines or any other devices, * * * for the purpose of re-cording or registering *bets or wagers or of selling pools, or mutuels, upon the result of any trial of speed or power of endurance of animals or beasts,* * * * or employ any device or apparatus for the purpose of recording or registering such bets or wagers or the *selling or making of such books, pools or mutuels,* or to become the custodian or depository for gain, hire or reward of any money, property or thing of value, bet or wagered or to be wagered or bet contrary to the provisions of this act, or to receive, register, record, forward or purport or pretend to forward *to or for any race course within or without this state,* any money, thing or consideration of value offered for the purpose of being bet or waged *upon the speed or endurance of any animal or beast,* * * * or to receive or offer to receive any money, thing, or consideration* of value bet or to be bet contrary to the provisions of this act, or to aid or assist or abet *at any racetrack* or place in any manner in any of the acts forbidden by this statute. That any person or persons or associations of persons, * * * violating the provisions of this act shall be fined not less than two hundred dollars nor more than five hundred dollars, one-fourth of which shall be paid to the informer, and be imprisoned not less than thirty days nor more than ninety days. Laws 1913, ch. 185, p. 414, § 1." (Emphasis added.)

It can be agreed that the district court has jurisdiction of felony cases; and misdemeanor cases come within the sole jurisdiction of the county court, or the justice of the peace.

Petitioner contends that since the information specifically alleges "conduct and carry on a gambling game, to-wit: Calcutta, by auctioned off numbers, upon a horse race", the crime alleged constitutes a misdemeanor and therefore the district court is without jurisdiction, and the writ should issue.

The Respondent places considerable emphasis on the present grammatical con-

struction of § 941, as compared to the similar section considered by this Court in 1911. We believe Respondent's contention is well taken; but even so, it is not sufficient to cause the charges now being considered to fall within that section. That section still pertains to the conduct of gambling games by means of *devices,* and we are of the opinion that the statement rendered in James v. State, 4 Okl.Cr. 587, 112 P. 944, 34 L.R.A., N.S., 515, is as applicable today as it was when that case was considered. In James, this Court recited:

"It is a great perversion of language to call a horse race a gambling device. If the Legislature desires to prohibit horse races, it is easy for them to say so in plain terms. No one would even suppose that penalties inflicted upon keepers of faro banks and tables and such like gaming devices were intended to apply to horse races, or foot races, or boat races. A criminal code cannot be so loosely interpreted."

We observe that both sections of Title 21, as they presently read, were provided by the 1913 session of the Legislature. That session of the Legislature passed House Bill No. 51, which amended § 2519, General Statutes (1893), which became the present Title 21 Okl.St.Ann. § 941. That same session of the Legislature also enacted Senate Bill 50 (Laws 1913, ch. 185, p. 414 § 1) which presently appears in the State Statutes as Title 21 Okl.St.Ann. § 991. Therefore, insofar as this Court is committed to the rule of strict construction in the application of criminal statutes, we refer to Modisett et al. v. Marmaduke, District Judge, Okl.Cr.App., 394 P.2d 541, which reads as follows:

"A strict construction is to be applied to criminal statutes and courts should not extend them to embrace acts or conduct not clearly included within the prohibition of the statute. Person cannot be convicted of a crime unless the act which is committed is within both letter and spirit of penal statute."

See also Group v. State, 94 Okl.Cr. 401, 236 P.2d 997.

We approve the rule stated in 82 C.J.S. Statutes § 389, p. 926, which states:

"The rule of strict construction means that such statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive."

Abiding by the foregoing judicial ground rules, we must resolve the question presented to this Court in the instant case.

It is the opinion of this Court that we have to consider here two separate and distinct gambling statutes, both of which are stated in clear and unambiguous language.

Both sections of the statutes under consideration were enacted, in their present form, by the same session of the Legislature, and neither section has been amended; nor has either section been repealed since the Legislature last considered them in 1913.

Title 21 Okl.St.Ann. § 991 was obviously intended to make it a *misdemeanor* for any person, or association of persons, or corporate bodies to operate, participate in, or to be associated with any gambling scheme, pool, or mutuel, upon the result of any trial of speed, or power of endurance of animals or beasts, including horse racing.

Title 21 Okl.St.Ann. § 941, clearly makes it a felony for any person, either owner or as employee, to operate a banking or percentage gambling game by means of dice, cards or some other device, instrument, contrivance or thing. In the opinion of the Court, § 941 is in no manner in conflict with § 991.

We observe that the Legislature now meets each year. We therefore suggest that any corrective legislation to satisfy complaints arising out of matters of this

nature should be provided by the legislative branch of government. It is not the function, nor the purpose, of the courts to legislate.

It is clear to this Court that the information in this case alleges the commission of a crime designated under Title 21 Okl.St.Ann. § 991, as a misdemeanor, of which the district court has no jurisdiction. Further, it is not necessary for this Court to consider petitioner's complaint concerning matters involved in search and seizure, insofar as those are questions to be considered on appeal.

We are thoroughly conscious of the fact that a Writ of Prohibition is an extraordinary writ, and will never be awarded where other remedies are available, such as appeal or other modes of review, but will be issued to prevent an inferior court from proceeding in an action over the subject matter of which it has no jurisdiction.

Therefore, since the crime alleged in the information constitutes only a misdemeanor, the district court of Lincoln County is without authority to proceed further, and the writ is granted.