COPYRIGHTS — UNCOPYRIGHTED MATERIAL — REPRODUCTION OF SOUND RECORDINGS FOR SALE Uncopyrighted and uncopyrightable sound recordings do fall within the purview of 21 O.S. 1866 [21-1866] (1975), prohibiting the reproduction of sound recordings for sale without the written consent of the owner of the original recording. Likewise, uncopyrighted and uncopyrightable sound recordings also fall within the purview of 21 O.S. 1867 [21-1867] (1975), prohibiting the sale of reproduced sound recordings without the written consent of the owner of the master or original recording. The Attorney General has considered your opinion request wherein you ask, in effect, the following question: Are sound recording materials, which materials are considered uncopyrightable or which are not copyrighted, included within the purview of the sound recording reproduction for sale and sale prohibitions as provided in 21 O.S. 1866 [21-1866] and 21 O.S. 1867 [21-1867] [21-1867] (1975)? 21 O.S. 1866 [21-1866] is the general statutory provision which provides for the prohibition against the reproduction of sound recordings for sale. This Section provides in pertinent part: "It shall be unlawful for any person to knowingly reproduce for sale any sound recording produced without the written consent of the owner of the original recording. . . ." 21 O.S. 1867 [21-1867] is the general statutory provision prohibiting the sale of reproduced sound recordings. This statutory provision provides in pertinent part: "It shall be unlawful for any person to knowingly sell or offer for sale any sound recording that has been knowingly reproduced for sale, without the written consent of the owner of the master or original recording. . . ." In attempting to ascertain the applicability of the two above-noted Sections to uncopyrighted or uncopyrightable sound recordings, certain well-established and fundamental rules of statutory construction and interpretation should be noted. It is well established that one of the primary rules of statutory construction is that statutes must be construed so as to effectuate the intent of the enacting body, and further that such intent with regard to a particular statute is to be ascertained primarily from the language of the statute itself. U.S. v. Ray, 488 F.2d 15 (1973); Brooks v. Brinegar, 391 F. Supp. 710 (1974). It is further well established as a rule of statutory construction that when the intent of the Legislature is plainly expressed in this statute, such intent and expression must be followed without further inquiry. Kasishke's Estate v. Oklahoma Tax Commission, 541 P.2d 848 (1975). With particular regard to the interpretation and construction of criminal statutory provisions, it is generally held that such provisions should be strictly construed and should not be extended to embrace acts or conducts not clearly included within the prohibition of the statutes. Matthews v. Powers, Okl. Cr.,425 P.2d 479 (1967). However, it is also generally held as a matter of statutory construction that the determination of offenses defined by statute, class of persons enumerated therein, and the kinds of property covered by such statutory provision must be gathered from the language of the statute itself. Wiley v. State, Okl. Cr.,349 P.2d 30 (1960) . Giving recognition and consideration to the above-noted general rules of statutory construction and interpretation, and based upon a plain reading of the subject statutory provisions, it would appear that uncopyrightable or uncopyrighted sound recordings would be subject to and fall within the purview of the above-noted statutory prohibitions. 21 O.S. 1866 [21-1866] and 21 O.S. 1867 [21-1867] generally address their respective prohibitory provisions to the reproduction for sale and sale of "any sound recording". There appears to be no language within these two provisions which would distinguish or exempt uncopyrighted or uncopyrightable sound recordings from their application. Indeed, 21 O.S. 1865 [21-1865] does create an exemption for certain sound recordings, this being an exemption as to "player piano tapes or rolls or the sound occasioned by the use thereof on player pianos". 21 O.S. 1869 [21-1869] provides for the exemption of certain designated persons from the prohibitions of 21 O.S. 1866 [21-1866] and 21 O.S. 1867 [21-1867]. However, again, there appears to be no reference in this Section from which it could be concluded or inferred that uncopyrighted or uncopyrightable sound recordings do not fall within the purview of the subject prohibitions. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Uncopyrighted and uncopyrightable sound recordings do fall within the purview of 21 O.S. 1866 [21-1866] (1975), prohibiting the reproduction of sound recordings for sale without the written consent of the owner of the original recording. Likewise, uncopyrighted and uncopyrightable sound recordings also fall within the purview of 21 O.S. 1867 [21-1867] (1975), prohibiting the sale of reproduced sound recordings without the written consent of the owner of the master or original recording. (R. THOMAS LAY) (ksg)