2007 OK CR 39

**STATE of Oklahoma, Appellant**

**v.**

**DUC HONG PHAM TRAN, Appellee.**

No. S–2006–1329.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 2007.

Chris Eulberg, Jeff Eulberg, Eulberg Law Offices, Oklahoma City, OK, attorneys for defendant/appellee at trial and appeal.

David Prater, District Attorney, Suanne Carlson, Assistant District Attorney, Oklahoma City, OK, attorneys for state/appellant at trial and appeal.

### SUMMARY OPINION

A. JOHNSON, Judge.

¶1 Duc Hong Pham Tran was charged on September 16, 2005, by Information in the District Court of Oklahoma County, Case No. CF–2005–5265, with Count 1: Leaving the Scene of an Accident Resulting in Death in violation of 47 O.S.2001, § 10–102; Counts 2, 3, and 4: Negligent Homicide in violation of 47 O.S.2001, § 11–903(a); Count 5: Failure to Secure Load in violation of 47 O.S.2001, § 14–105(b); and Count 6: Driving Under Suspension/DUS in violation of 47 O.S.2001, § 6–303(B). On December 19, 2006, the District Court sustained in part and overruled in part the defendant's Motion to Quash, ordering Count 1 dismissed but allowing the State to proceed with the remaining counts.

¶2 The State has perfected its appeal of that ruling under 22 O.S.2001, § 1053(1), and claims the District Court erred in quashing the Information on Count 1.

¶3 On May 30, 2005, a Lincoln Navigator was traveling southbound on I–44 at approximately S.W. 15th Street in Oklahoma City when the driver encountered a leather loveseat in the roadway. The driver swerved to

avoid striking the obstacle and in the process lost control of the Navigator causing it to roll over. Three adults were ejected from the vehicle and killed. Three children remained in the vehicle, restrained by seatbelts and child safety seats, and survived. While there were no witnesses to the actual event, the investigating officer was able to trace Tran, the owner of the loveseat, through the material it was made of and the manufacturer's tags attached to it. The officer testified at the preliminary hearing that Tran admitted to him that he knew the loveseat had fallen from his truck, but when he went back for it and saw the wreckage, he got scared and left the scene.

¶ 4 Tran was charged in Count 1 with violation of 47 O.S.2001, § 10–102.1, which provides:

The driver of any vehicle involved in an accident resulting in the death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 10–104 of this title.

¶ 5 In dismissing Count 1, the District Court interpreted the statute to require the vehicle itself to be "involved" in the accident at issue. The Court held, therefore, that under the circumstances of this case, Tran could not be held liable for leaving the scene of the accident under the provisions of Section 10–102.1. We agree and affirm the District Court's decision.

¶ 6 The State argues that Tran's truck was clearly "involved" in the accident as required by the statute, and seeks the reinstatement of the Section 10.102.1 charge.

■ ¶ 7 We review matters of statutory interpretation *de novo*. *Smith v. State*, 2007 OK CR 16, ¶ 40, 157 P.3d 1155, 1169.

■ ¶ 8 This Court is committed to the rule of strict construction in the application of criminal statutes. *Matthews v. Powers*, 1967 OK CR 37, ¶ 8, 425 P.2d 479, 482; *See*

*Fenimore v. State*, 2003 OK CR 20, ¶ 5, 78 P.3d 549, 551 (courts will not enlarge the meaning of words included in the statute to create a crime not defined by that statute). Strict construction means:

A statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive.

*Matthews*, 1967 OK CR 37, ¶ 10, 425 P.2d at 482; *See also Campbell v. State*, 1976 OK CR 32, ¶ 35, 546 P.2d 276, 284. Further, rules of statutory construction require criminal statutes be construed strictly against the State and liberally in favor of the accused. *Fenimore*, 2003 OK CR 20, ¶ 5, 78 P.3d at 551.

¶ 9 "vehicle" is defined as "any device in, upon or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." 47 O.S.Supp.2005, § 1–186. The Oklahoma Legislature has differentiated between a vehicle and the load it carries for purposes of Title 47 as follows:

No *vehicle* shall be driven or moved on any highway unless such *vehicle* is so constructed or loaded as to prevent *any of its load* from dropping, sifting, leaking, blowing or otherwise escaping therefrom ... [N]o person shall operate on any highway any *vehicle with any load* unless said load and any covering thereon is securely fastened so as to prevent said covering or load from becoming loose, detached or in any manner a hazard to other users of the highway.

47 O.S.2001, § 14–105(a–b) (emphasis added).

■ ¶ 10 Strict construction does not allow this Court to broaden the term "vehicle" to include its cargo when the legislature has omitted "load" from Section 10.102.1, but has included it in other sections [1] within the same

---

1. "No *vehicle, with or without load,* shall have a total outside width in excess of 102 inches ...

No *vehicle, with or without load,* shall exceed a height of thirteen and one-half feet." 47

title. Furthermore, "words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears...." 25 O.S.2001, § 1. Neither the statutory definition of vehicle nor its plain and ordinary meaning[2] includes the load it is hauling.

¶ 11 There is no evidence that Tran's vehicle was at the scene at the time of the accident. We cannot find, therefore, it was involved in the accident. The District Court did not err in sustaining the motion to quash Count 1.

## DECISION

¶ 12 The Judgment of the District Court is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2007), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J., C. JOHNSON, V.P.J., CHAPEL, J., and LEWIS, J.: concur.

O.S.Supp.2003, § 14–103(A–B) (emphasis added).

**2.** Vehicle is defined as "a device, as a motor vehicle or a piece of mechanized equipment, for

transporting passengers, goods, or apparatus." *Webster's New Riverside University Dictionary* 1279 (2d ed.1988).