Dear Representative Morgan:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 The provisions of 21 O.S.Supp. 2008, § 187.1[21-187.1] prohibit a member of the Oklahoma Legislature or a candidate for a state legislative office from intentionally soliciting or accepting a contribution from a lobbyist or lobbyist principal during any regular legislative session and for five (5) calendar days after sine die adjournment. In light of these prohibitions:
 1. May a member of the Oklahoma Legislature solicit or accept contributions FROM a political action committee during the statutorily defined "blackout period"?
 2. May members of the Oklahoma Legislature solicit contributions TO a political action committee FROM a lobbyist or lobbyist principal during the statutorily defined "black out period"?
 INTRODUCTION
In 2008 the statutory prohibitions you inquire about were added to Section 187.1 of Title 21 as subsections G and H. 2008 Okla. Sess. Laws ch. 282, § 2. Those two new subsections read:
 G. No lobbyist or lobbyist principal as defined in Section 4249 of Title 74 of the Oklahoma Statutes shall make or promise to make a contribution to, or solicit or promise to solicit a contribution for a member of the Oklahoma Legislature or a candidate for a state legislative office during any regular legislative session, beginning the first Monday in February, through its adjournment, and for five (5) calendar days following sine die adjournment. A member of the Oklahoma Legislature or a candidate for a state legislative office shall not intentionally solicit or accept a contribution from a lobbyist *Page 2 or lobbyist principal as defined in Section 4249 of Title 74 of the Oklahoma Statutes during any regular legislative session and for five (5) calendar days after sine die adjournment. For the purposes of this subsection, a candidate shall mean any person who has filed a statement of organization for a state legislative office pursuant to Oklahoma Statutes, Title 74, Chapter 62 Appendix, Rule 257:10-1-8.
 H. Any person who knowingly and willfully violates any provision of subsection G of this section, upon conviction, shall be guilty of a misdemeanor punishable by a fine of not more than One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for up to one (1) year, or by both such fine and imprisonment.
21 O.S.Supp. 2008, § 187.1[21-187.1] (emphasis added).
Your inquiries both deal with contributions to, from or for a political action committee. Generally, a political action committee is a combination of at least two individuals, or person other than an individual, formed for the primary purpose of supporting or opposing a candidate or candidates for public office, or supporting or opposing a ballot measure. The definition of "political action committee" in the Oklahoma Criminal Code is found at 21 O.S. 2001, § 187[21-187](13), and reads:
 "Political action committee":
 a. means a combination of at least two individuals, or a person other than an individual:
 (1) with the primary purpose of:
 (a) supporting or opposing a candidate or candidates, or a party committee, except those required to file with the Federal Election Commission, or
 (b) supporting or opposing a ballot measure, and
 (2) which accepts or gives contributions or makes expenditures from a joint account aggregating at least Five Hundred Dollars ($500.00) during a calendar year, and
 b. does not include: *Page 3 
 (1) a party committee or a candidate committee,
 (2) a person other than an individual, when that person makes an expenditure or expenditures from an account to which contributions have not been solicited or accepted from any other persons or individuals; and the expenditure or expenditures are required by law or by Chapter 10 of the Rules of the Ethics Commission to be reported by the recipient committee or committees as a contribution or contributions, and
 (3) a combination of individuals, or a person other than an individual, if the combination of individuals, or a person other than an individual, solicits contributions on behalf of a committee, and any contributions received as a result of the solicitation are forwarded to the committee without being deposited in any account; and the contributions are required by law or by Chapter 10 of the Rules of the Ethics Commission to be reported by the committee that receives the contributions;[.]
21 O.S. 2001, § 187[21-187](13).
The Oklahoma Ethics Commission's definition of "political action committee" at OAC 257:1-1-2 is similar.[1] *Page 4 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 5 
The definitions of "political action committee" in both the statute and Ethics Commission Rule do not include "party committees" or "candidate committees." Both the statutes and the Ethics Commission Rules define "candidate committee" using the same language:
 [T]he committee, consisting of one or more persons who may be the candidate only, designated by a candidate to promote the candidate's candidacy and serve as the recipient of all contributions and the disburser of all expenditures for the candidate[.]
21 O.S. 2001, § 187[21-187](5); OAC 257:1-1-2.
The term "party committee," is also defined by both the statute and the Ethics Commission Rule, using the same language, to mean, "a political party or any affiliated or connected entity[.]" 21 O.S. 2001, § 187[21-187](11); OAC 257:1-1-2. Under both the statute and Ethics Commission Rule political action committees may be formed for various purposes, including the support or opposition of a candidate or candidates, or to support or oppose a ballot measure. *Page 6 
 I. SOLICITATION OR ACCEPTANCE OF CONTRIBUTIONS FROM A POLITICAL ACTION COMMITTEE
In construing statutory enactments, "[t]he fundamental rule ofstatutory construction is to ascertain and, if possible, give effect tothe intention and purpose of the Legislature as expressed in thestatute." Jackson v. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982) (emphasis added). Further, when considering the construction of a statute, "the primary consideration is to ascertain the legislativeintent, and this must be determined from the language used. And the general rule is that nothing may be read into a statute which was notwithin the manifest intention of the legislature as gathered from thelanguage of the act." Stemmons, Inc. v. Universal C.I.T. CreditCorp., 301 P.2d 212, 216 (Okla. 1956) (emphasis added).
Here, the prohibitions imposed upon members of the Oklahoma Legislature or candidates for state legislative office are against intentionally soliciting or accepting contributions "from a lobbyist or lobbyist principal" during the defined "blackout period." The language used — the language from which the Legislature's intent is to be ascertained — does not speak in terms of a total prohibition on soliciting and accepting contributions. Rather, the prohibitions are established using language which speaks of specific prohibitions — prohibitions again soliciting and accepting contributions from an express, specified class — lobbyists and lobbyist principals.
The statute makes no mention of any other entities, including political action committees. For these reasons, we conclude that the intention of the Legislature, as expressed in the specific language it used, is that the statutorily imposed prohibitions apply only to soliciting and accepting contributions from "lobbyists" or "lobbyist principals," both of which are defined at 74 O.S. 2001, § 4249[74-4249].
Before defining the terms "lobbyist" and "lobbyist principal," Section 4249 of Title 74 defines the term "lobbying" as follows:
 1. "Lobbying", or any derivative of the word, means any oral or written communication with a member of the Legislature, with the Governor, with a member of the Corporation Commission, with a member of the judiciary or with an employee of the Legislature, the Governor, the Corporation Commission or the judiciary on behalf of a lobbyist principal with regard to the passage, defeat, formulation, modification, interpretation, amendment, adoption, approval or veto of any legislation, rule, regulation, executive order or any other program, policy or position of the state government; provided, however, it shall not mean testimony given before, or submitted in writing to, a committee or subcommittee of the Legislature, nor a speech, article, publication or other material that is widely distributed, published in newspapers, magazines or similar publications or broadcast on radio or television; provided further, it shall not mean representation of himself or *Page 7 
herself or a client by an attorney acting in a professional capacity as an attorney who has entered an appearance in a court proceeding or quasi-judicial proceeding or a legislative or quasi-judicial proceeding before the Corporation Commission[.]
Id. (emphasis added).
This definition is followed by the definition of "lobbyist":
 "Lobbyist" means any individual who is employed or retained by another for financial or other compensation to perform services that include lobbying, other than an individual whose lobbying activities are only incidental to, and are not a significant part of, the services provided by such individual to the client, except the following individuals shall not be considered lobbyists:
 a. an individual appearing before a meeting of a legislative body or executive agency who receives no compensation for his or her appearance other than reimbursement from the state for expenses and who engages in no further or other lobbying,
 b. a public or federal official acting in his or her official capacity,
 c. a public employee acting on behalf of the governmental entity by which he or she is employed, and
 d. any person exercising his or her constitutional right to petition the government who is not specifically required by the provisions of Sections 6 through 11 of this act to register as a lobbyist and who receives no compensation or anything of value for lobbying[.]
Id. (emphasis added).
The final definition in Section 4249 that is relative to the opinion at hand is the definition of "lobbyist principal":
 3. "Lobbyist principal" means any person who employs or retains another person for financial or other compensation to conduct lobbying activities on behalf of the lobbyist principal; provided, however, it shall not mean any individual members, partners, officers or shareholders of a corporation, association, firm, joint venture, joint stock company, syndicate, business trust, estate, trust, company, partnership, limited partnership, organization, committee, or club, or a group of persons who are voluntarily acting in concert[.] *Page 8 
Id. (emphasis added).
In sum, the statutory prohibitions against legislators and candidates for state legislative office soliciting or accepting a contribution during a regular legislative session and for five (5) calendar days after sine die adjournment, [2] apply only to the solicitation and acceptance of contributions from lobbyists and lobbyist principals, as those terms are defined at 74 O.S. 2001, § 4249[74-4249], and do not applyto the solicitation or the acceptance of contributions from other entities,including political action committees.
This conclusion is further supported by the fact that the Legislature, at 21 O.S.Supp. 2008, § 187.1[21-187.1], made violations of these prohibitions misdemeanors. Because violations of the prohibitions are misdemeanors, the statute is a criminal statute. This makes applicable yet another tenet of statutory construction, that criminal statutes are to "beconstrued strictly against the State and liberally in favor of theaccused." State v. Duc Hong Pham Tran, 172 P.3d 199, 200
(Okla.Crim.App. 2007) (emphasis added). The Court of Criminal Appeals, in discussing the rules of construction applicable to criminal statutes, explained that criminal statutes will not be enlarged to create crimes not defined by the statute, nor held to include offenses or persons other than those clearly described. The court stated:
 This Court is committed to the rule of strict construction in the application of criminal statutes. Matthews v. Powers, 1967 OK CR 37, ¶ 8, 425 P.2d 479, 482; See Fenimore v. State, 2003 OK CR 20, ¶ 5, 78 P.3d 549, 551
(courts will not enlarge the meaning of words included in the statute to create a crime not defined by that statute). Strict construction means:
 A statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive.
Id. at 200 (emphasis added).
Under this rule of statutory construction of criminal statutes we cannot extend Section 187.1's prohibitions beyond solicitation and acceptance of contributions from lobbyists and lobbyist *Page 9 
principals. Accordingly, the prohibitions do not apply to the solicitation or acceptance of contributions from a political action committee unless the committee is itself a lobbyist principal.
In reaching this conclusion, we note that under both the statutory definition and Ethics Commission Rule political action committees may be formed for various purposes, including the support of or opposition to a candidate or candidates or party committee, or to support or oppose a state ballot measure. 21 O.S. 2001, § 187[21-187](13); OAC 257:1-1-2. It is immaterial for which of these purposes a political action committee may have been formed, because the prohibitions against soliciting or accepting contributions during the statutorily defined "blackout period" apply only to soliciting or accepting contributions from a lobbyist and lobbyist principals, and do not apply to a political action committee regardless of the reason for which the committee may have been formed.
 II. SOLICITATION OF CONTRIBUTIONS TO A POLITICAL ACTION COMMITTEE FROM A LOBBYIST OR LOBBYIST PRINCIPAL
In your second question, in which you ask whether a member of the Oklahoma Legislature may solicit contributions to a political action committee from a lobbyist or lobbyist principals, we are asked to determine whether Section 187.1(G)'s prohibitions against soliciting and accepting contributions from a lobbyist and lobbyist principals apply to soliciting any contributions, or just contributions to members of the Oklahoma Legislature and candidates for state legislative office.
Subsection G of Section 187.1 imposes a set of companion prohibitions which mirror each other, one set applying to the behavior of lobbyists and lobbyist principals, the other applying to legislators and candidates for legislative office:
 1. Prohibitions Against Giving
 Prohibitions on lobbyists and lobbyist principals that they not "make or promise to make a contribution to, or solicit or promise to solicit a contribution for a member of the Oklahoma Legislature or a candidate for a state legislative office."
 2. Prohibitions Against Receiving
 Prohibitions on legislators and candidates for legislative office requiring that they "not intentionally solicit or accept a contribution from a lobbyist or lobbyist principal." *Page 10 
Id. (emphasis added).
In answering your second question we must apply the same principals of statutory construction used in answering your first question, which require that we ascertain the legislative intent from the language used in the act, and that, because the statute is a criminal statute, we strictly construe the statute against the State and liberally in favor of the accused.
In analyzing Subsection G's set of "mirror-image" prohibitions — prohibitions which are the "flip-side" of each other — the language and meaning of one set of prohibitions informs our understanding of the other, for we must determine the legislative intent from consideration of the statute as a whole. See Okla. Journal Publ'g Co. v. City of Okla.City, 620 P.2d 452, 454 (Okla.Civ.App. 1979). The prohibition imposed on a lobbyist and lobbyist principal is not a broad prohibition, but a limited one. They cannot, during the blackout period, make acontribution to or solicit or promise to solicit a contribution
"for a member of the Oklahoma Legislature or a candidate for a statelegislative office." There is no prohibition against a lobbyist or lobbyist principal making contributions to or soliciting contributions for political action committees.
The "mirror-image" prohibitions imposed upon legislators and candidates for legislative office prohibit the acceptance orsolicitation of contributions from lobbyists and lobbyistprincipals. As the prohibitions imposed on lobbyists and lobbyist principals are only against making and soliciting contributions tolegislators and candidates for legislative office, the "mirror-image" prohibitions imposed on legislators and candidates are similarly limited — they prohibit accepting or soliciting contributions forlegislators and for candidates for legislative office. Under theseprohibitions, members of the Legislature and candidates for legislativeoffice may not accept or solicit contributions from lobbyists orlobbyist principals for themselves or any other legislator or candidatesfor legislative office. There is, however, no prohibition against accepting or soliciting contributions for or to political actioncommittees. Accordingly, legislators and candidates for legislative office can solicit contributions to or for political action committees from anyone, including from lobbyists and lobbyist principals. Because the prohibitions placed upon legislators and candidates for legislative office do not extend to solicitation of contributions to or for a political action committee, it is immaterial whether the political action committee was formed to support or oppose a candidate, a party committee or a state ballot measure.
 It is, therefore, the official Opinion of the Attorney General that:
 1. The prohibitions in 21 O.S. 2008, § 187.1[21-187.1] that prohibit members of the Oklahoma Legislature or candidates for a state legislative office from intentionally soliciting or accepting contributions from a lobbyist or lobbyist principal during any regular legislative session and for five (5) calendars days after sine die adjournment, apply only to solicitation and acceptance of *Page 11 contributions from lobbyists and lobbyist principals, and do not prohibit soliciting or accepting contributions from other entities, including political action committees, unless the other entity or committee is itself a lobbyist principal.
 2. The prohibitions in 21 O.S.Supp. 2008, § 187.1[21-187.1] that prohibit members of the Oklahoma Legislature or candidates for a state legislative office from intentionally soliciting or accepting contributions from a lobbyist or lobbyist principal during any regular legislative session and for five (5) calendar days after sine die adjournment, apply only to the solicitation and acceptance of contributions for a member of the Legislature or a candidate for state legislative office, and do not apply to solicitation of contributions for or to political action committees. Under these prohibitions, members of the Legislature and candidates for legislative office may not accept or solicit contributions from lobbyists or lobbyist principals for themselves or any other legislator or candidates for legislative office.
W.A. DREW EDMONDSON, Attorney General of Oklahoma
NEAL LEADER Senior Assistant Attorney General
[1] "Political action committee"
 (1) means a combination of at least two individuals, or a person other than an individual:
 (A) with the primary purpose of:
 (i) expressly supporting or opposing a clearly identified candidate or candidates, or a party committee, except those required to file with the Federal Election Commission, or
 (ii) supporting or opposing a ballot measure; and
 (B) which accepts or gives contributions or makes expenditures from a joint account aggregating at least five hundred dollars ($500) during a calendar year.
 (2) does not include:
 (A) a party committee or a candidate committee;
 (B) a person other than an individual, when that person makes an expenditure or expenditures from an account to which contributions have not been solicited or accepted from any other persons or individuals; and, the expenditure or expenditures are required by these rules to be reported by the recipient committee or committees as a contribution or contributions; and
 (C) a combination of individuals, or a person other than an individual, if the combination of individuals, or a person other than an individual, solicits contributions on behalf of a committee; and, any contributions received as a result of the solicitation are forwarded to the committee without being deposited in any account; and, the contributions are required by these rules to be reported by the committee that receives the contributions.
OAC 257:1-1-2 (emphasis added).
[2] Sine die adjournment is an adjournment without assigning a day for further meeting. See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2123 (3d ed. 1993) (defining sine die). Thus, it is the final adjournment at the conclusion of a legislative session. *Page 1